THE WEST JERSEY RAILROAD COMPANY, PLAINTIFF IN
ERROR, v. JOHN EWAN, DEFENDANT IN ERROR.

The plaintiff, traveling along a street on foot in the daytime, came to the
defendant's intersecting railroad, which consisted of three tracks; he
stopped upon the first track, which was not in use, for a freight train,
going towards his left on the furthest track, to pass the crossing;
this train made a "tremendous noise," as the plaintiff described it,
and emitted smoke which settled down upon the tracks; when the
freight train had passed, then, knowing that the middle track was used
for trains coming from his left, he looked towards the left, and seeing
nothing but smoke upon the tracks and hearing no whistle or bell, he
proceeded to walk across at his usual gait and was struck by a train
coming from the left on the middle track. *Held*, that he was guilty
of contributory negligence.

On error.

For the plaintiff in error, *Samuel H. Grey*.

For the defendant in error, *John S. Westcott*.

The opinion of the court was delivered by

Dixon, J. This writ of error brings up a judgment ren-
dered in the Supreme Court upon a verdict for the plaintiff
obtained in the trial at the Camden Circuit. The errors are
assigned upon bills of exceptions sealed by the trial judge.

It is necessary for us to notice only one of these assign-
ments, that directed against the refusal to nonsuit the plaintiff
below.

The facts upon which the question of nonsuit must be de-
cided are—that on April 16th, 1892, a dull, drizzly day, the
plaintiff, about half past five o'clock in the afternoon, came
on foot along Spruce street, in the city of Camden, to cross
the defendant's railroad, which there consisted of three tracks;
that as he reached the nearest track a freight train was going
towards his left on the track furthest from him; that this
train made a "tremendous noise," as the plaintiff described
it, and emitted smoke which settled down upon the tracks;

that the plaintiff stood upon the nearest track, which he knew
to be not in use, until the freight train passed the street cross-
ing, and then, knowing that the middle track was used for
trains coming from his left, he looked towards the left, and
seeing nothing but smoke upon the tracks and hearing no
whistle or bell, he proceeded to walk across at his usual gait
and was struck by a train coming from the left on the middle
track.

From these circumstances it is apparent that the plaintiff,
without any reason for haste, went upon the track when it was
evident to him that he could neither see nor hear any train
which he was aware might be approaching, and when the
causes of his inability to see and hear were so fleeting that in
a few seconds they would have gone.

It seems indisputable that such conduct was negligent. In
the exercise of reasonable prudence, a man could not expose
his life to a peril which he knew might be imminent, if a
delay of a few moments would assure him of safety, unless
impelled by some motive of extreme urgency.

In *Merkle* v. *New York, Lake Erie and Western Railroad
Co.*, 20 *Vroom* 474, this court held that it was negligent for a
person to drive upon a railroad when buildings obstructed his
view and the extraordinary rattle of his wagon-load prevented
his hearing an approaching train. This decision goes far to-
wards sustaining the opinion above expressed. That case
differs from the present in that there the driver, by stopping
his team, could enable himself at once to perceive the signals
of a coming locomotive, while here he must have awaited the
operation of natural causes; but so certain and speedy were
those causes, that this difference scarcely affects the question
of due care. On the other hand, here the plaintiff being
afoot could stand in perfect security until his powers of obser-
vation had full scope, while in the case cited the driver must
have stopped his horses near and facing the passing train,
itself a place of some risk, so that his choice was between
positions of greater or less danger, and not of safety or peril.
Taking all things into consideration, I think the negligence

of the present plaintiff is quite as clear as was that of the driver in the Merkle case.

In *Heaney* v. *Long Island Railroad Co.*, 112 *N. Y.* 122, the circumstances were precisely like those now before us, and the court adjudged that the traveler on foot was guilty of contributory negligence.

*West* v. *The New Jersey Railroad and Transportation Co.*, 3 *Vroom* 91, and *S. C.*, 4 *Id.* 430, in many features resembled the present case, and there this court held that the question of the plaintiff's negligence was one for the jury. It is, however, distinguishable in two important particulars. In the first place, the plaintiff was a minor about thirteen years old; this plaintiff is an adult. In the second place, the boy's attention was so absorbed by the passing train that he did not think of looking for any other, while here the plaintiff's thought was directed to the probability of a train approaching on the middle track, and with that thought in mind he looked to discover it, and perceived that he could not learn whether it was near or not; with that knowledge he attempted to cross. There is a substantial difference between being surprised by an unforeseen peril and being overtaken by one apprehended and recklessly incurred. The West case presented the former condition; this case the latter.

In our judgment, the plaintiff's negligence contributed to his injury, and the refusal to nonsuit was erroneous. For this reason, the judgment should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, ABBETT, DIXON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, KRUEGER, PHELPS, SMITH. 12.