### CHARLES D. HOOPES v. THE WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Argued February 27, 1900—Decided June 11, 1900.

Plaintiff, while driving upon a public highway at night, noticed, as he drew near the crossing of defendant's railroad, a number of lights along the tracks toward the south, but did not observe that any one of them was moving. In fact, one was the headlight of an engine which was approaching the crossing, and which ran the plaintiff down as he drove upon the tracks. No other danger was present to distract the attention of the plaintiff from this engine. *Held*, that, in the exercise of ordinary prudence, plaintiff should have looked with sufficient care to have detected the *moving* light, and then should have waited, before attempting to drive over the tracks,

until either the moving light had passed beyond the crossing, or until he had satisfied himself that it was not the headlight of an approaching train, and that failure in that regard was negligence on his part which contributed to his injury.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the rule, *Joseph H. Gaskill.*

*Contra, William C. French* and *John W. Wescott.*

The opinion of the court was delivered by

GUMMERE, J.   This action was instituted by the plaintiff to recover damages for injuries sustained by him by being run down by a train at a highway crossing over the defendant company's railroad, at West Haddonfield, on the evening of February 9th, 1899.   The night was dark and cold, with a stiff wind blowing from a direction which tended to carry the sound of the approaching train away from the plaintiff, making sight his main dependence to inform him that it was coming towards the crossing.   He was driving in a one-seated sleigh, drawn by a single horse, and, according to his story told on the witness-stand, as he drew near the tracks he stopped his horse, and looked up and down the railroad, and also listened for signs of a train.   He says that he heard nothing, nor did he see anything which suggested to him that a train was coming toward the crossing.   He noticed that along the tracks toward the south there were several stationary lights, but says that he did not observe that any one of them was more prominent than another, or that any light was moving.   He then drove on to the crossing and was struck by the engine of a northbound train of the defendant.   He says that no bell was rung or whistle blown upon the engine, nor any other warning given him by the defendant.

Other evidence shows that a person driving along the highway toward the crossing, had, when about a hundred feet from

the crossing, and from that point on, an outlook down the tracks towards the south which was unobstructed for a distance of more than half a mile, except by the tower-house of the defendant, which stood close to the intersection of the highway and the railroad, and shut off the view of the small section of track which was behind it. So plainly was this made to appear by the proof that the trial judge, in his instructions to the jury, stated that " if this accident had occurred in the daytime, the lay of the land at this point is such that the plaintiff would have been clearly guilty of negligent driving."

Notwithstanding that the plaintiff had this unobstructed view in the direction of the oncoming train, there was a refusal to direct a verdict for the defendant; the trial judge considering that the failure of the plaintiff, although he looked, to see the headlight of the approaching engine among the lights which he observed, or, if he did see it, then his failure to recognize it for what it was, did not necessarily import negligence, and took this case out of the ordinary rule.

Whether this refusal can be supported depends upon whether, on the facts cited, the negligence of the plaintiff is a matter of uncertainty. In our judgment it is not. That there was a headlight upon the engine is undisputed, and that this headlight was not stationary, but was moving toward the crossing, is demonstrated by the happening of the accident. No other danger appears to have been present to distract his attention. His ears were practically useless as a means of warning him of the approach of a train from the south, on account of the direction and force of the wind, and his eyes were his only efficient means of detecting it. Due care on his part, in the language of the Court of Errors and Appeals in the case of *Central Railroad Co.* v. *Smalley, 32 Vroom* 277, required him to so use his eyes "as to make looking reasonably effective," under the existing circumstances. If he had done this, he would readily have observed what was a fact, namely, that instead of all the lights which he saw when looking to the south, being stationary, as he thought, one of them was in reality moving toward the crossing. If he had observed

this, then ordinary prudence required that he should have waited before attempting to drive over the track, until either the moving light had passed beyond the crossing, or until he had satisfied himself that it was not the headlight of an on-coming train. His failure to detect what careful observation would undoubtedly have disclosed was just as much the result of negligence on his part, as if he had observed the moving light coming toward the crossing, and then had pursued his way, without first taking the precaution to determine if it indicated the approach of a train.

On the whole case the defendants were entitled to have a verdict in their favor directed. The rule to show cause should be made absolute.