MARY BURKE, ADMINISTRATRIX, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Argued March 7, 1900—Decided June 18, 1900.

When a traveler on foot reaches a steam railroad track, and after looking and listening is impressed, or should be impressed, by what he sees or hears with a doubt whether it is safe to go forward, he will be chargeable with contributory negligence, if he at once proceeds, without using reasonable precaution to determine whether his doubt is well founded.

On error to the Supreme Court. This cause was tried at the April Term of the Hudson Circuit, before Mr. Justice Lippincott and a jury, and at the close of the plaintiff's case a judgment of nonsuit was ordered.

For the plaintiff, *Thomas F. Noonan, Jr.*

For the defendant, *George Holmes.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiff's intestate was killed while attempting to cross the railroad track of the defendant company at Twenty-second street, in the city of Bayonne.

On the trial a nonsuit was granted on the ground of contributory negligence.

He was crossing on foot and was going diagonally towards Jersey City, with his back partly to the train which struck him.

The evidence of all the witnesses who observed him is that when he came to this crossing he went on at an ordinary gait without stopping and was struck by an express train going east.   On track number four, which he first reached, a freight train had just passed on its way from Jersey City to Bergen Point.   After that train passed away from him he had a fair view for about one thousand feet.

On track number two, which was the track next to number four and about seven or eight feet distant, a passenger train was coming, at a distance of about one hundred and fifty feet from the crossing, on its way from Jersey City to Bergen Point.

On track number one, distant seven or eight feet from number two, the express train which struck him was passing towards Jersey City.

The trains on tracks number one and number two reached the crossing at almost the same time, and the intestate barely escaped being struck on number two and was killed on number one.

Before he stepped upon number two, although it was night, the view was obstructed only by posts and lights for the distance before stated.

He could not have failed to see, if he had looked and listened, that an attempt to cross the tracks in front of him,

under the circumstances there present, would be attended with imminent danger.

The situation was certainly such as to warn him of the approach of trains, assuming that he was in the exercise of ordinary prudence, and if he was in doubt whether it would be safe to proceed on his way, it was his duty to wait until the appearance of danger was removed.

When a traveler reaches a steam railroad track, and after looking and listening is impressed, or should be impressed, by what he sees or hears with a doubt whether it is safe to go forward, he will be chargeable with contributory negligence, if he at once proceeds, without using reasonable precaution to determine whether his doubt is well founded.

That I understand to be the rule established by the adjudications in this court.

In *West Jersey Railroad Co.* v. *Ewan*, 26 *Vroom* 574, negligence was attributed to the plaintiff who went upon the railroad track, while the noise and smoke of a train that had just passed deprived him temporarily of the power clearly to see or distinctly to hear.

In *Central Railroad Co.* v. *Smalley*, 32 *Vroom* 277, Judge Adams expresses the opinion of this court as follows : " The duty to look and listen before crossing a railroad includes the duty to do that which will make looking and listening reasonably effective. If there is a permanent obstruction to sight that would make danger invisible and a transient noise that would make it inaudible, it is negligence to go forward at once from a place of safety to a possible place of danger. Prudence requires delay until the transient noise has abated and hearing again becomes efficient for protection."

The case under consideration falls within the rule which was applied in the cases above cited and is in harmony with other cases in this state. *Newark Passenger Railway Co.* v. *Block*, 26 *Vroom* 605 ; *Pennsylvania Railrood Co.* v. *Leary*, 27 *Id.* 705 ; ·*Conkling* v. *Erie Railroad Co.*, 34 *Vroom* 338 ; *Cantrell* v. *Erie Railroad Co.*, *supra*, 277.

The judgment below should be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, GARRISON, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.