THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN
ERROR, v. JOHN GLYNN, DEFENDANT IN ERROR.

1.  Under the state of facts testified to on the part of the plaintiff, it was
    a question of fact for the jury whether the plaintiff, in the exercise of
    reasonable prudence and caution, should have apprehended that the
    electric car was approaching him at so high a rate of speed that it
    would reach him before he could pass over the tracks, and to deter-
    mine whether a prudent man, with the right to presume that the com-
    pany would exercise due care on its part, would have proceeded to
    cross the street under the circumstances presented by the evidence.
2.  It was the duty of the motorman to keep his car so far under control
    that he could have averted the impending danger, if the plaintiff was
    in the exercise of due care for his own safety, when he went upon the
    track.
3.  It was likewise a question for the jury whether the motorman lost con-
    trol of his car by reason of the dangerous rate of speed at which he
    was running.

On error to the Supreme Court.

For the plaintiff in error, *Depue & Parker*.

For the defendant in error, *Samuel Kalisch*.

The opinion of the court was delivered by

VAN SYCKEL, J.   Error is assigned upon the refusal of
the trial court to nonsuit the plaintiff below, who is the de-
fendant in error.   He was run over by an electric car, in
April, 1894, while crossing Market street, at Frederick street,
in the city of Newark, on foot.

The evidence on the part of the defendant company was
that the motorman saw the plaintiff leave the curbstone, and
supposed from the conduct of the plaintiff that he intended
to get on the car, and that when the car was within five or six
feet of him he stepped in front of it and was run down.   If
these had been the admitted facts, the motion to nonsuit
should have prevailed, but the testimony on the part of the
plaintiff was that he saw the car at Fillmore street, a distance
of more than three hundred feet from where he was struck;

that he waited two or three seconds and then proceeded to cross the street without looking again for the approaching car, and was struck before he succeeded in crossing the tracks.

It must be assumed that the jury found the facts to be as testified to on the part of the plaintiff, and the case must be passed upon in that aspect.

It has been repeatedly declared in this court that the company must run its cars with such care and at such a rate of speed that other persons, either on foot or in vehicles, may use the street in safety, provided they exercise reasonable care for their own protection.

The company had no right to propel its cars at such a rate of speed as was incompatible with the safe and customary use of the street by others who have equal rights with the company upon it. It was, therefore, a question of fact for the jury to settle whether the plaintiff, in the exercise of reasonable prudence and caution, should have apprehended that the car was coming at so high a rate of speed that it would reach him before he cleared the tracks, and to determine whether a prudent man, with the right to presume that the company would exercise due care on its part, would have proceeded to cross the street under the circumstances presented on behalf of the plaintiff.

Contributory negligence cannot, as a matter of law, be predicated on the evidence for the plaintiff.

It was the duty of the motorman to keep his car so far under control that he could have averted the impending danger, if the plaintiff was in the exercise of due care for his own safety when he went upon the track. It was likewise a question for the jury whether the motorman lost control of his car by reason of the dangerous rate of speed at which he was running; and if the jury found that he did not make proper effort to prevent the collision, or that the inability to stop the car was due to its excessive and unlawful rate of speed, that constituted actionable negligence on the part of the company.

The nonsuit was properly refused and the evidence submitted to the jury with proper instructions.

There was no error in the proceedings of the trial court, and the judgment of the Supreme Court, affirming the judgment of the trial court, should be affirmed.

*For affirmance*—THE CHANCELLOR, GUMMERE, LUDLOW, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON.   9.

*For reversal*—None.