WILLIAM BRADY v. THE CONSOLIDATED TRACTION COMPANY.

Argued November 1, 1898—Decided February 27, 1899.

A boy, nine and a half years of age, while playing in the street, ran in front of a trolley car which he saw approaching, and was struck by the further corner of the fender. *Held*, that there was no element of danger which he did not perceive or which a boy of his years was not capable of fully appreciating, and that therefore he took the risk of failing in the attempt which he designedly made.

On rule to show cause why a new trial should not be granted.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON and DIXON.

For the plaintiff, *George G. Tennant.*

For the defendant, *Abram Q. Garretson.*

The opinion of the court was delivered by

DIXON, J. In this case the plaintiff sued to recover compensation for injuries resulting from a collision with a car of the defendant in December, 1897. He having obtained a

verdict, the trial justice allowed a rule to show cause why the verdict should not be set aside.

The testimony shows that, between three and four o'clock in the afternoon, as the car was going up Newark avenue in Jersey City, on the northerly track, the plaintiff, a boy about nine and a half years old, playing with other boys, ran down the avenue on the southerly side and then across the avenue in front of the car, where he was hit by the northerly corner of the fender. He heard the gong of the car ringing and saw the car coming, while he was still in a place of safety.

Under these circumstances there can be no doubt that, if he had been of full age, he would be chargeable with contributory negligence, and the only question is whether his youth should exonerate him from that charge.

The question of negligence in persons of immature age is almost always one for the determination of the jury. It was held to be such in *West* v. *New Jersey Railroad and Transportation Co.*, 3 *Vroom* 91; *S. C.*, 4 *Id.* 430, and in *Traction Co.* v. *Scott,* 29 *Id.* 682; but the language of the opinion in *North Hudson County Railway Co.* v. *Flanagan,* 28 *Id.* 696, indicates that it is not always so.

In the two cases first named, the alleged negligence consisted in the child's failure to infer the probable existence of a danger not apparent to his senses, while in the case now before us the dangerous proximity and movement of the car were actually perceived by the plaintiff. As was said in *West Jersey Railroad Co.* v. *McEwan,* 26 *Vroom* 574, 576, "there is a substantial difference between being surprised by an unforeseen peril and being overtaken by one apprehended and recklessly incurred." This difference is of special importance in dealing with children; for, to expect a danger where none is seen, requires a larger experience and the exercise of abler deductive faculties than does the appreciation of a manifest peril.

The case in hand presents the latter condition. The plaintiff saw the car approaching, and there was no element of danger which he did not perceive or which a boy of his years

was not capable of fully appreciating. He chose to run in front of the car, on his judgment that he could cross before it reached him, in spite of the evident danger of the attempt, and we think it should be held that he took the risk of failing in the effort which he designedly made.

The rule to show cause must be made absolute.