WILLIAM BRADY, WHO SUES, &c., v. THE CONSOLIDATED TRACTION COMPANY.

Submitted December 9, 1899—Decided February 26, 1900.

A boy nine and a half years of age, playing in a public street, ran across the track of a trolley road and was struck and injured by a passing car. He testified that he neither saw nor heard the car. There was no obstacle to his seeing the car if he had looked before going on the track. *Held,* that a verdict in his favor cannot be supported.

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the rule, *Vredenburgh & Garretson.*

Contra, *Queen & Tennant.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    A verdict in favor of plaintiff on a previous trial was set aside by this court. *Brady* v. *Consolidated Traction Co.,* 34 *Vroom* 25.    From the opinion of Mr. Justice Dixon it appears that plaintiff's evidence then disclosed that a boy of about nine and a half years old ran across a crowded public street and was struck and injured by a trolley car which he saw approaching while still in a place of safety.    The verdict was set aside on the ground that the danger of being struck by the car was observed by the plaintiff, and that it was a danger which a boy of his years could fully appreciate, and therefore, when he chose to cross he took the risk of failing.

In the case now before us it appears that the plaintiff has obtained a verdict on a second trial of the issue, and defendant prosecutes this rule to show cause why it should not be set aside.

The evidence given by plaintiff on the second trial is in absolute contradiction of that given by him on the previous trial.    Before, he repeatedly swore that he heard the gong of the car ring and saw the car approaching before he went on the track.    Upon this trial he swore that he neither heard the car nor the gong and that he did not see the car until he was struck.    He admitted that he had sworn differently at the former trial, and gave as the only reason that he did not understand.

The plaintiff was a foot passenger crossing a street containing a car track.    A duty devolved upon him before crossing to use his powers of observation to observe approaching cars which are within a distance, if run at lawful speed, to put

him in danger. *Newark Passenger Railway Co.* v. *Block,* 26 *Vroom* 605. Such a duty devolved upon an intelligent youth who was *sui juris,* as plaintiff is admitted to be. *Sheets* v. *Connolly Railroad Co.,* 25 *Id.* 518 ; *North Hudson Railway Co.* v. *Flanagan,* 28 *Id.* 696.

The duty of observation required from children may differ in extent and degree from that required from an adult. Judgment which a jury might find lacking in prudence if formed by a person of mature years might perhaps be found not to be lacking in prudence if formed by a child, but the child is not excused from some duty of observation.

Had plaintiff performed this duty in the very slightest degree he would have perceived the approaching car in time to avoid it, for there was admittedly no obstacle in the way to obstruct his view. That he did not see the car establishes the fact that he did not look, as required even of a child. *Righter* v. *Pennsylvania Railroad Co.,* 13 *Vroom* 180. The case was tried on the theory that no negligence was chargeable to a child of plaintiff's age in playing upon a public street and running in play (as plaintiff did) across the street. It is unnecessary to determine whether that theory is correct, because a verdict attributing to plaintiff the exercise of the care proper for a boy of his age, and finding no negligence in running across the street without any observation as to approaching cars, is a verdict against evidence.

The rule must be made absolute.