HELEN FITZHENRY, PLAINTIFF IN ERROR, v. THE CONSOLIDATED TRACTION COMPANY, DEFENDANT IN ERROR.

Argued March 8, 1900—Decided June 18, 1900.

1. The rule of duty which requires the ordinary traveler, in crossing a street railway, to use his powers of observation to discover approaching vehicles, and his judgment how and when to cross without collision, is also binding upon a child who is *sui juris*.

2. In actions for injury to a child of that degree of responsibility, when so crossing a street railway, the question of contributory negligence is generally one for the jury, but where it appears beyond dispute that the child in its attempt to cross acted in entire disregard of the degree of prudence which may be reasonably expected from one of his years, and has thereby contributed to the collision that caused the injury, then the question, contrary to the usual rule, becomes one for the court to determine.

3. In the present case the plaintiff was a girl nine years of age, who was in the act of crossing a trolley track in a city street and was injured by collision with an approaching car.  Under the circumstances as de-

veloped by the plaintiff's evidence at the trial, a nonsuit was granted. On error, held that the nonsuit should be sustained on the ground of contributory negligence.

On error to the Supreme Court.

Tried at the April Term, 1899, of the Hudson Circuit Court, before Mr. Justice Lippincott and a jury, and a non-suit ordered.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

HENDRICKSON, J. In this case a nonsuit was granted at the close of the plaintiff's evidence. The principal ground for this ruling, as stated by the learned trial judge, was the failure to show negligence on the part of the defendant company. The question of contributory negligence, though argued, was not directly passed upon in the ruling.

. The facts were that on Sunday evening, May 2d, 1897, shortly after seven in the evening, and while it was yet light, the plaintiff, a girl of nine years of age, was in the act of crossing Newark avenue, Jersey City, at a point from one hundred to one hundred and fifty feet west from Railroad avenue. She had by the hand her little brother, three years and nine months old, when she was struck by a westbound car of the defendant's street railway, which was being propelled by electricity. The little boy was killed and the plaintiff was injured. The latter brought suit for damages for her injury.

The plaintiff contends that there were proofs of negligence on the part of the defendant and its servants sufficient to go to the jury. The only negligent act complained of in the declaration is that the car " was run with great and unlawful speed foul of and against" the plaintiff. But in addition to

the high rate of speed, it is insisted that the proofs tend to show that the motorman was further negligent by having his head turned, looking at the store windows on his left, at the time of the accident, and that no bell or gong was being sounded.

It is proper to say that, at the time of the accident, the car was not at or approaching a street crossing, and it does not appear that the street was crowded, nor that the car was moving at an unusually high rate of speed, considering that it was traversing the middle part of a block. And it is contended on the part of the defendant that under the evidence it clearly appears that there was no negligence shown on the part of the motorman that became in any degree the proximate cause of the collision. Whether there was sufficient evidence to go to the jury on that point, we find it unnecessary to determine, because the evidence presents another, and, as we think, a more satisfactory ground upon which the ruling of the judge should be sustained, and that is the ground of contributory negligence.

To show this, I will cite a few further facts in evidence. The plaintiff, having stopped on the curb of the street, was attracted by a friend waving her hand on the opposite side of the street, and then started to go across to her. According to one witness, they went on a run; according to another, they walked, but when they reached the gutter they walked right quickly across, or, as the witness further explained, "got a quick gait on them." They passed the eastbound track along which a car had just passed, and had reached the first rail of the westbound track when they were struck by the car. Their course in crossing was not at right angles, but slightly on a slant. Whether the slant was towards or from the approaching car, the witnesses differ; but in any event, after the eastbound car went by, the plaintiff could plainly have seen the tracks and the approaching car if she had looked.

It was insisted that, when they crossed the first rail, the car was yet twenty-five or thirty feet away. One witness, who

admits that he looked from the south side of the street at a distance of from one hundred to one hundred and fifty feet in the rear of the car at the time, described the situation as above, but on his cross-examination he testified as follows:

"*Q.* They passed right in front of the car?

"*A.* Yes, until they got to the south track; they were struck there.

"*Q.* The south track?

"*A.* Yes, on the north side of the track this way.

"*Q.* You mean the south rail of the north track?

"*A.* Yes.

"*Q.* They got in front of the car?

"*A.* No, sir; the boy was right at the edge of the fender and the girl was knocked right into the fender as far as they could go. *   *   *

"*Q.* Didn't they walk into the side of the fender?

"*A.* The boy did, yes.

"*Q.* And the girl too?

"*A.* Yes, sir; the girl was in the middle of the fender.

"*Q.* She fell forward, having come against the side of the fender?

"*A.* Yes."

From this and the other evidence it appeared quite clearly that the point of the collision was at or near the south rail of the westbound track, and that as soon as they stepped upon it, the children were struck.

Under such circumstances as these, it is plain that an adult plaintiff could not recover because of contributory negligence. Does the youthfulness of the plaintiff, who was at the time nine years of age, prevent the operation of this rule, or at least make the question one for the jury? The plaintiff was admittedly *sui juris,* and of an age when she was required to exercise reasonable care, to a degree that is usually exercised by children of that age who are ordinarily careful. *Beach Cont. Neg.* 136, and cases cited; *Consolidated Traction Co.* v. *Scott,* 29 *Vroom* 682.

It is true that in such cases the question of contributory

negligence is generally, if not always, a question for the jury. But this doctrine will not warrant a recovery when the child suddenly puts himself in a dangerous place, where there was no reason to expect him, and too late for the danger to be averted by the person inflicting the injury. 7 *Am. & Eng. Encycl. L.* (2d ed.) 409, and note.

The salutary rule of duty which requires the ordinary traveler, in crossing a street railway, to use his powers of observation to discover approaching vehicles, and his judgment how and when to cross without collision is also binding upon the child that is *sui juris;* and if the facts are undisputed, and it appears clearly that he has acted in entire disregard of that degree of prudence which may be reasonably expected from one of his years, and he suffers injury thereby, he cannot recover, and in that case the question of contributory negligence becomes one for the court to determine. 3 *Ell. R. R.* 1261; *Railway Co.* v. *Flanagan,* 28 *Vroom* 696; *Brady* v. *Traction Co.,* 34 *Vroom* 25; *S. C., ante p.* 373; *Collins* v. *South Boston Railway Co.,* 142 *Mass.* 301; *Hayes* v. *Norcross,* 162 *Mass.* 546.

The case of *Brady* v. *Traction Co., ante p.* 373, very aptly illustrates the principle above alluded to. The facts were that a boy nine and one-half years old, playing in a public street, ran across the track of a trolley road and was struck and injured by a passing car. There was no obstacle to his seeing the car if he had looked before going on the track. The present Chancellor, in delivering the opinion of the Supreme Court setting aside the verdict, said, among other things: "The child is not excused from some duty of observation. Had the plaintiff performed this duty in the very slightest degree he would have perceived the approaching car in time to avoid it. That he did not see the car established the fact that he did not look as required even of a child," citing *Railroad Co.* v. *Righter,* 13 *Vroom* 180.

In the present case the testimony is that the plaintiff lived only a block or two away from Newark avenue, where the accident occurred, and we must assume that she was familiar

with the running of the trolley cars there, and the danger of collision therewith in crossing their tracks, unless care is exercised.

I think, therefore, that when the plaintiff attempted to cross defendant's tracks at a quick pace, as she did, either in front of the car, which she saw, or by rushing heedlessly into danger without looking, acted in such entire disregard of her duty that there is room but for one opinion, and that is that she was guilty of contributory negligence.

The judgment below must be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE, LUDLOW, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.