JESSE P. GILLILAND, PLAINTIFF IN ERROR, v. THE MIDDLESEX AND SOMERSET TRACTION COMPANY, DEFENDANT IN ERROR.

Argued March 13, 1902—Decided June 16, 1902.

A person who, while attempting to cross over the tracks of a trolley road, in front of a car which is only one and a half times its own length away, falls and is run over by it, contributes, by his own negligence and recklessness, to the injury which he receives, and must bear the consequences of his temerity.

On error to the Supreme Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *Willard P. Voorhees.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought to recover damages for the death of Theresa Gilliland, who was killed by being run over by one of the defendant's cars. The deceased lived with her father upon his farm, which fronted upon a public road over which the single-track electric railroad of the defendant company passed. On the evening of the accident the deceased, with her sister Margureta, started from their father's house for the purpose of going to the city of New Brunswick by means of the trolley car. They walked from the house to the road, and across the tracks, to take the car which was expected to leave about that time. The deceased then turned back to the house for the purpose of getting a collarette which she had forgotten, leaving her sister in the road by the side of the track. Before the deceased again reached the road the car had come in sight, and her sister signaled to it to stop. It had a bright headlight upon it, its interior was lighted up, and the noise of its machinery was audible for a considerable distance. Almost immediately after signaling the car to stop, Margureta observed the decedent approaching, and called to her, "I will stop the car, Tess; don't come across," in a tone loud enough to be plainly heard by the deceased. The deceased, however, did not heed this warning, but attempted to cross the tracks, the car then being about one and a half times its own length away from her. As she reached the first rail she tripped over it, fell down, and was run over and killed. Her fall was due to the fact that the tracks, at the point where she attempted to cross, were elevated some six inches above the surface of the highway.

This was the case made by the plaintiff. The evidence submitted on the part of the defendant was directed to showing that the accident was not caused by any negligence on the part of the company, in the construction of its road, or in the operation of its car. At the close of the testimony the court below directed a verdict for the defendant, considering that the evidence showed conclusively that the de-

544 COURT OF ERRORS AND APPEALS.

Gilliland v. Mid. & Somerset Trac. Co.     67 *N. J. L.*

cedent's death resulted solely from her own negligence, and that the defendant was blameless in the matter.

Error is assigned upon this direction; the contention of the plaintiff being that both the question of the defendant's negligence and that of the decedent should have been left to the jury.

Without considering whether the non-negligence of the defendant was conclusively shown, we think that there is no doubt as to that of the decedent. She must have known that the car was approaching. Even if she had neglected to observe it herself, her sister's warning told her of the fact. Notwithstanding this knowledge she took the risk of crossing before it. In the case of *Fitzhenry* v. *Consolidated Traction Co.,* 35 *Vroom* 674, 679, this court, discussing a question somewhat similar to the one now under consideration, said: "When the plaintiff attempted to cross defendant's tracks as she did, either in front of a car which she saw, or by rushing heedlessly into danger without looking, she acted in such entire disregard of her duty that there is room but for one opinion, and that is that she was guilty of contributory negligence." In the case of *Brady* v. *Consolidated Traction Co.,* 34 *Id.* 25, 26, the court says: "The testimony shows that the plaintiff, a boy about nine and a half years old, ran across the avenue in front of the car, where he was hit by the northerly corner of the fender. He heard the gong of the car ringing, and saw the car coming, while he was still in a place of safety. Under these circumstances there can be no doubt that, if he had been of full age, he would be chargeable with contributory negligence, and the only question is whether his youth should exonerate him from that charge. * * * The plaintiff saw the car approaching, and there was no element of danger which he did not perceive, or which a boy of his years was not capable of fully appreciating. He chose to run in front of the car, on his judgment that he could get across before it reached him, in spite of the evident danger of the attempt, and we think it should be held that he took the risk of failing in the effort which he designedly made." In the case of *Blakers' Executors* v. *Receivers of New Jersey Midland Rail-*

*way Co.,* 3 *Stew. Eq.* 240, Vice Chancellor Van Fleet says: "A person intending to cross a [steam] railroad track is bound to look and listen for an approaching train; and if he sees or hears a train approaching, and then daringly assumes the hazard of attempting to cross in advance of it, and fails, he must bear the consequences of his folly." In the case of *Railroad Co.* v. *Houston,* 95 *U. S.* 702, it is said that if a person approaching a railroad crossing "saw a train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of his mistake and temerity cannot be cast upon the company. If one choses, in such a position, to take risks, he must bear the possible consequences of failure." To the same effect is *Burnett* v. *Easton and Amboy Railroad Co.,* 32 *Vroom* 373.

Although the three cases last referred to were those of accidents which occurred at the crossing of a steam railroad, the principle upon which they rest is equally applicable in the case of persons attempting to cross in front of street railway cars, when the danger of doing so is apparent. In the case before us, when the decedent attempted to cross the defendant company's track, the car which ran her down was only one and a half times its length away from her. The risk of injury in case she should happen to stumble and fall, and the motorman should be unable to stop the car before it reached her, was manifest. It caused her sister to warn her against making the attempt. Notwithstanding the warning, notwithstanding the obviousness of the danger, she took the risk of crossing in safety, and the consequence of her failure must rest upon herself.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 13.

*For reversal*—COLLINS. 1.