HENRY T. CONRAD, DEFENDANT IN ERROR, v. ELIZABETH, PLAINFIELD AND CENTRAL JERSEY RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued March 1, 1904—Decided June 20, 1904.

1. The rule with respect to the use by vehicles of a common highway on which a trolley line is operated requires that reasonable care should be exercised by one about to cross such highway, not to drive in front of an approaching car which, in spite of reasonable care in its operation, may strike him; and that the car must not be allowed to strike a vehicle so crossing its tracks if reasonable circumspection and control on the part of the motorman will suffice to prevent it.

2. If from the testimony in a case the jury may legitimately find that when the plaintiff started to cross the trolley tracks laid in a public highway it was apparently safe for him to do so under the conditions within his observation, one of which was a trolley car sufficiently distant to be checked—or, if need be, stopped before it should reach him—the question of the plaintiff's contributory negligence is for the jury.

3. If in such case the jury do not find that the plaintiff was negligent in crossing the highway when he did, the question whether the collision could have been avoided by the exercise of reasonable care on the part of the motorman in the operation of his car is also one of fact for the jury when the testimony submitted to them will sustain the inference that the motorman did not have his car under proper control in view of the conditions within his observation.

On error to the Union Circuit Court.   Tried before Vail, judge, and a jury.

For the plaintiff in error, *John A. Bernhard* and *Chauncy II. Beasley.*

For the defendant in error, *J. A. Kiernan.*

The opinion of the court was delivered by

GARRISON, J. Error is assigned upon bills of exception to the judicial denial of two motions made on behalf of the defendant in the court below, one for a judgment of nonsuit and the other for a direction of a verdict, the grounds of each motion being that there was no proof of the defendant's negligence and that the contributory negligence of the plaintiff affirmatively appeared.

The testimony admitted at the trial was competent to prove that the plaintiff, at about half-past seven o'clock on the evening of a day in the early part of November, drove a mule team across a public highway on which the defendant had its trolley tracks; that before starting to cross he looked for cars and saw one a block away that seemed to be standing there; that he had driven over the first set of tracks and was nearly over the second when the car struck the hub of his left hind wheel and ran for a considerable distance before it was stopped. There was other testimony from which it might be inferred that the car was going at a rate of speed that was excessive under the circumstances within the observation of the motorman, and also that the car was not under proper control—notably the testimony of the motorman himself, which tended to show within what space a car could normally be stopped and the distance that this car ran after the collision with all power off and the brakes set. The inferences that might legitimately be drawn from this testimony as circumstantially given, coupled with the rules of law which distinguish the relative rights and duties of persons using a common highway from those by which steam railroad crossings are safeguarded, made it obligatory upon the trial court to submit to the jury both the question of the negligence of the motorman as well as that of the plaintiff.

From the testimony of the plaintiff the jury might le-

gitimately have found that when he started to cross the highway it was apparently safe for him to do so under the conditions within his observation, one of which was a trolley car sufficiently distant to be checked, or, if need be, stopped before it should reach him. *Electric Railway* v. *Miller,* 30 *Vroom* 423.

The question of the plaintiff's negligence under these circumstances was for the jury.

If the jury did not find that the plaintiff was negligent in crossing the highway when he did, then the question of the defendant's negligence depended upon whether the motorman could, by the exercise of reasonable care, have checked his car, or, if need be, have stopped it before striking the plaintiff's wagon. If he could, it was his duty to do so. *Consolidated Traction Co.* v. *Glynn,* 30 *Vroom* 432; *Zolpher* v. *Camden and Suburban Railway Co.,* 40 *Id.* 417.

This also was under the evidence a jury question.

The rule of law pertinent to these issues is based upon the plainest dictates of good sense and common humanity. It is simply that, in crossing a highway, a person must exercise reasonable care not to drive in front of an approaching car which, despite reasonable care in its operation, may strike him, and that a car using the public highway must not be allowed to strike a vehicle so crossing its tracks if reasonable circumspection and control on the part of the motorman will suffice to prevent it. In the absence of any exception to the charge of the court below it must be assumed that the case was submitted under proper instructions.

There was no error in the denial of the defendant's motions.

The judgment of the Circuit Court is affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN.    12.

*For reversal*—None.