AGNES GLASCO v. JERSEY CITY, HOBOKEN AND PATER-
SON STREET RAILWAY COMPANY.

Argued November 8, 1907—Decided February 24, 1908.

A plaintiff is guilty of contributory negligence in attempting to cross
a street railway in front of an approaching car running at a
high rate of speed and only one hundred and fifty feet away
when the plaintiff attempted to cross, she testifying that she
knew the car would be very close when she crossed, but thought
she would risk it.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff, *Alexander Simpson.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

BERGEN, J. On July 28th, 1907, the defendant company
was operating a street car line on Bergenline avenue, Jersey
City. The plaintiff approached the avenue from Tenth street,
which ran at right angles. She attempted to cross Bergen-
line avenue in front of an approaching car for the purpose
of entering the car, it being necessary to be on the opposite
side of Bergenline avenue in order to do so. What she testi-
fied to is substantially this, viz.: Before attempting to cross
the street she looked up and saw the car, which was then a
block away; that before she stepped on the track for the pur-
pose of crossing she looked and saw that the car was then
one hundred and fifty feet away; that she proceeded and had
nearly crossed all the tracks when she was struck; the last
thing she remembered was putting her foot over the last rail;
she had been preceded by a boy who ran ahead of her across
the tracks for the purpose of stopping the car. There is
evidence to show that the car was approaching the crossing,

where the plaintiff was injured, and where the car usually stopped, at a high rate of speed. Whether the motorman was guilty of negligence in running the car at that speed over a street crossing, at a point where the car usually stopped to take up passengers, was a question for the jury. But the defendant insists that the plaintiff was guilty of negligence in undertaking to cross in front of the car which was then one hundred and fifty feet away, and that such negligence was so apparent that the trial court should have directed a verdict. The plaintiff testified that the car had on it a head light burning very brightly, and that it was coming very fast, and that she knew that it would be a close thing to get over safely: that it was between nine and half-past nine at night, and that she was in a hurry to get home, and although the car was only one hundred and fifty feet away, she thought she would run the risk of crossing.

It seems to us that the testimony of the plaintiff shows that she did not exercise reasonable prudence and caution. She saw the car coming at a high rate of speed within one hundred and fifty feet of her before she undertook to pass in front of it. This car was running along an avenue in a somewhat unfrequented locality; many of the streets laid down on the map were not open for use, and where a higher rate of speed might be more safely maintained than could be done in a crowded thoroughfare. There were no other vehicles in sight, and the opportunity afforded the plaintiff to see the approaching car, and the speed at which it was running, does not appear to have been obstructed. In fact she admits that although she saw the car, and that it was running rapidly, she took the risk of crossing. This the exercise of a reasonable judgment would, under the circumstances, forbid, if she desired to avoid a collision, and when she was near the track and saw the car approaching in the manner described by her, she was not in a position to "justify her proceeding to cross, under a reasonable belief that she could do so with reasonable safety, if both she and the motorman were in the exercise of reasonable care." *Bauer* v. *North Jersey Street Railway Co.,* 45 *Vroom* 624. She

could as well pass in the rear of the car as in front, her sole purpose being to reach the other side of the car. Reasonable minds can hardly differ as to the impropriety of the plaintiff's act when she, herself, admits that it was a risk, apparent to her, to undertake to cross in front of the car. On the whole case we think her conduct contributed to the accident.

The facts in this case are not unlike those appearing in *Gilliland* v. *Middlesex and Somerset Traction Co.,* 38 *Vroom* 542, and the cases there cited, and is subject to the rule of law there laid down.

The rule to show cause will be made absolute.