MICHAEL FARESE, WHO SUES, &c., DEFENDANT IN ERROR,
v. NORTH JERSEY STREET RAILWAY COMPANY,
PLAINTIFF IN ERROR.

Submitted March 20, 1908—Decided June 8, 1908.

Where a boy fifteen years of age, in attempting to cross a trolley
track, is struck and injured by a car upon a dark, foggy and
misty night, and the testimony in his behalf demonstrates that
he could have seen the car far enough distant to avoid the acci-
dent had he looked, the fact that he testified that he looked and
did not see the car will not entitle him to a verdict.

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and MINTURN.

For the defendant in error, *Alexander Simpson.*

For the plaintiff in error, *Edwards & Smith.*

The opinion of the court was delivered by

MINTURN, J.   About seven-thirty o'clock on the evening
of August 10th, 1904, the plaintiff, a boy fifteen years of age,
while attempting to cross Harrison avenue, in the town of
Harrison, was struck by a car of defendant and injured.
The night was dark, foggy and misty, after rain.   The plaint-
iff resided in the town during many years, and was familiar
with the locality.   The headlight on the car was lighted, and
the car was lighted inside.   The plaintiff explains the acci-
dent by stating, that while he looked when he was leaving
the curb, he could not see the car; although he admitted he
could see lights in a store some few houses distant.   The
only other witness who saw the accident was McGurgan, who
testified that while standing in front of his house on the
avenue he saw the boy start to cross the street, about seventy-

five or a hundred feet away; that when the boy was on the first rail, the car was about fifteen or twenty feet away; that he could see a dim light, and an electric light inside the car after the accident; and that the accident happened "like a flash." The plaintiff testified that when leaving the curb he looked both ways for a car, but saw none and heard no noise; and did not see the car until he was struck by it.

It is difficult to perceive how the plaintiff could have exercised the care the law required of him, before attempting to cross this track, and not have seen or heard the car coming. He confesses that he could see the lights in a store, presumably seventy-five feet away, and his witness McGurgan admits that he could see one hundred feet distant; and from where he stood could see the car fifteen or twenty feet away from the plaintiff. While the care cast by law upon one crossing a public street is not as great in degree as that imposed upon one crossing a steam railroad track, still the duty of using one's senses and powers of observation, upon such occasions, is so clearly established that citation of authority at this time to support the obligation must appear unnecessary. *Brady* v. *Consolidated Traction Co.,* 35 *Vroom* 373; *Harbison* v. *Camden Railway Co.,* 45 *Id.* 252.

The plaintiff's story that he did not see the car is incompatible with the situation and the circumstances, as elicited from himself and his own witnesses; and the conclusion inevitably results, that if he did not see the car, it was manifestly because he did not exercise the care required by law, in which event he must have seen it.

A nonsuit should have been granted, and the judgment will therefore be reversed.