GEORGE A. MIGANS, PLAINTIFF, DEFENDANT IN ERROR, v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued March 11, 1908—Decided June 15, 1908.

1. The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public highway must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner.

2. If the evidence submitted to the jury will sustain the inference that the motorman of the defendant company's trolley car, as he approached the crossing, did not have his car under proper control, in view of the conditions within his observation, the question whether the collision could have been avoided by the exercise of reasonable care on the part of the motorman in the operation of his car is one of fact for the jury.

3. If from the testimony the jury may legitimately find that when the plaintiff started to drive around the corner into the street near or on the trolley tracks there laid, it was apparently safe for him to do so under the conditions within his observation, one of which was a trolley car running slowly and sufficiently distant to be checked—or, if need be, stopped before it should reach him—the question of the plaintiff's contributory negligence is for the jury.

On error to the Supreme Court.

For the plaintiff in error, *William B. Gourley.*

For the defendant in error, *Michael Dunn.*

The opinion of the court was delivered by

TRENCHARD, J.  This writ of error brings under review a judgment entered in the Supreme Court upon a verdict of a jury at the Passaic Circuit in favor of the defendant in error, the plaintiff below.

The action was one of tort for negligence.

The proofs exhibited that the plaintiff was the driver of the ambulance of the Paterson hospital, which was drawn by one horse; that, in answering a call, he was driving the ambulance down Eighteenth street toward Park avenue, which is traversed by two parallel tracks of the defendant company, and which crosses Eighteenth street at right angles; that, as plaintiff, with his horse on a trot, approached Park avenue he slackened his speed, rang the bell on the ambulance and was looking to see if his way was clear and was listening for the noise or bell of trolley cars on Park avenue, but heard none; that when he reached a point where he could see up Park avenue, which was about thirty feet from the crossing, he saw the trolley car of the defendant company coming on his left hand and he turned his horse to the right to go around the corner into Park avenue; that the motorman suddenly increased the speed of the car as he came towards Eighteenth street and struck the dash-board and lamp of the ambulance, threw it over against the curb and injured plaint-

iff; that both streets are narrow, Eighteenth street being thirty feet wide and Park avenue thirty-eight feet wide, from curb to curb.

At the close of the plaintiff's testimony a motion was made to nonsuit the plaintiff upon two grounds—*first,* that there was no negligence shown on the part of the defendant, and *second,* that the plaintiff was guilty of contributory negligence.

This motion was denied by the learned trial judge, and error is assigned thereon.

We think that the motion was properly denied.

The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public highways must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner. *North Jersey Street Railway Co.* v. *Schwartz,* 37 *Vroom* 437; *Conrad* v. *Elizabeth, &c., Railway Co.,* 41 *Id.* 676.

With respect to the negligence of the defendant, besides the proof already referred to, there was testimony, which, if believed, justified the jury in finding that, when the car was about one hundred and thirty feet away from the point of the accident, the motorman, then running slowly to let off a passenger, saw the plaintiff approaching the crossing, and that, after thus seeing the plaintiff, the motorman suddenly greatly increased the speed of his car.

Under these circumstances the question whether the collision could have been avoided by the exercise of reasonable care on the part of the motormon in the operation and control of the car was one of fact for the jury. *Consolidated Traction Co.* v. *Glynn,* 30 *Vroom* 432; *Consolidated Traction Co.* v. *Haight, Id.* 577; *Zolpher* v. *Camden and Suburban Railway Co.,* 40 *Id.* 417; *Searles* v. *Elizabeth, &c., Railway Co.,* 41 *Id.* 388; *Conrad* v. *Elizabeth, &c., Railway Co., supra.*

On the question of the alleged contributory negligence of the plaintiff, besides the proof already referred to, there was

testimony which admitted the finding by the jury, that as soon as the plaintiff reached a point where he could see up Park avenue, he saw the car about one hundred and thirty feet away moving slowly and saw the motorman looking at him (the plaintiff); that in order to avoid the danger of attempting to cross in front of the car, the plaintiff checked his horse and turned to the right into Park avenue, with a view of avoiding the tracks; that in making the turn the wagon swung near or on the track and was hit on the left-hand side and overturned by the rapidly-moving trolley car.

Under these circumstances the jury might legitimately have found that when the plaintiff started to drive around the corner into Park avenue it was apparently safe for him to do so under the conditions within his observation, one of which was that the car was moving slowly and was sufficiently distant to be checked, or, if need be, stopped before it should reach him. The question of the plaintiff's negligence was, therefore, for the jury. *Consolidated Traction Co.* v. *Chenowith,* 32 *Vroom* 554; *Earle* v. *Consolidated Traction Co.,* 35 *Id.* 573; *Conrad* v. *Elizabeth, &c., Railway Co., supra.*

The other assignments of error have been examined, with the result that no error is found.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, J.J.   9.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, REED, BERGEN, VOORHEES, DILL, J.J.   6.