ABRAHAM ZINDLER, PLAINTIFF IN ERROR, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT IN ERROR.

Submitted June 17, 1909—Decided November 15, 1909.

Whether the plaintiff, who was driving along an intersecting street, and saw a trolley car a block distant advancing at a high rate of speed, was guilty of negligence in attempting to cross the track before the arrival of the car at that point, was a jury question, and a nonsuit granted under the circumstances is set aside.

On error to the Hudson Circuit.

For the plaintiff in error, *Joseph Anderson.*

For the defendant in error, *Edwards & Smith.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff in error was driving his horse and wagon, on January 8th, 1900, along Thirteenth street to

Grove street in Jersey City, and turned into Grove street with the intention of going north. While so doing, he perceived a street car at Fourteenth street, proceeding south, and continued his course intending to cross the track. The car, he claimed, was going at a high rate of speed, and he put up his hand to stop it, and subsequently shouted to the motorman; and finally whipped up his horse in an effort to cross the track before the car reached him, but failed in the effort; for, while his wagon was in the middle of the track, the car struck it, throwing the plaintiff therefrom, and thereby causing the damage which gave rise to this suit. A nonsuit was granted at the Circuit, and the case is here on error.

The plaintiff's story is not without substantial corroboration by other witnesses who saw the occurrence, and the only inquiry, therefore, which presents itself for our consideration, is whether the mere fact that the plaintiff saw the motor car coming towards him about a block away, made his attempt to cross the track, *ipso facto,* negligence, which proximately contributed to his injury.

This inquiry can be answered in the affirmative, only upon the theory that the defendant under these circumstances possessed a right on the street superior to that of the plaintiff; and that such is not the legal *status* of the parties, has been the subject of frequent reiteration by this court. *Atlantic Coast Electric Railroad* v. *Rennard,* 33 *Vroom* 773; *Block* v. *Newark Passenger Railway Co.,* 26 *Id.* 605; *Electric Railway Co.* v. *Miller,* 30 *Id.* 423; *Orange and N. H. Railway Co.* v. *Ward,* 18 *Id.* 560.

In the case last cited, Mr. Justice Knapp, speaking for this court concerning a state of facts substantially akin to that presented in the case *sub judice,* said: "Whether the safer and more prudent course for the plaintiff to pursue to avoid collision, was to attempt getting off the track, or to quicken his speed and pass before the car reached him, were questions of fact to be settled upon the evidence and by the jury. I think it is quite obvious that the judge could not have determined legally that one course or the other was demanded of the

plaintiff in the exercise of proper care; or that driving on under existing exigencies was legal negligence."

And so, in the still later case of *Conrad* v. *Elizabeth Railway Co.*, 41 *Vroom* 676, this court, speaking by Mr. Justice Garrison, said: "From the testimony of the plaintiff, the jury might legitimately have found that when he started to cross the highway, it was apparently safe for him to do so under the conditions within his observation; one of which was a trolley car sufficiently distant to be checked, or if need be stopped before it should reach him. The question of plaintiff's negligence under these circumstances was for the jury. If the jury did not find that the plaintiff was negligent in crossing the highway when he did, then the question of the defendant's negligence depended upon whether the motorman could, by the exercise of reasonable care, have checked the car; or, if need be, have stopped before striking the plaintiff's wagon. If he could, it was his duty to do so." Citing *Consolidated Traction Co.* v. *Glynn*, 30 *Vroom* 432; *Zolpher* v. *Camden and Sub. Ry. Co.*, 40 *Id.* 417.

The case at bar is ruled by these adjudications, and the judgment under review must therefore be reversed and a *venire de novo* issued.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Dill, Congdon, JJ.   15.