AGNES GLASCO, PLAINTIFF IN ERROR, v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Submitted December 5, 1910—Decided March 6, 1911.

1. The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public streets must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner.

2. When the evidence warrants the inference that the motorman drove the defendant's street car rapidly, without slacking speed, across a street crossing where it usually stopped, either without looking ahead, or, if he looked when one hundred and fifty feet away, seeing the plaintiff about to cross the track, the question of the defendant's negligence is for the jury.

3. The rule requiring one exercising his lawful rights in a place where the exercise of lawful rights by others may put him in peril, to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances, is the measure of duty for one who crosses a public highway on foot. He must use his powers of observation to discover approaching vehicles, and a reasonable judgment to avoid collision.

4. The proofs justifying the finding that, when the plaintiff started to walk across the defendant's street car track at a street crossing where the cars usually stopped, she looked and saw a car "coming fast" one hundred and fifty feet away, it was a question of fact for the jury whether the plaintiff, in the exercise of reasonable prudence and caution, should have apprehended that the car was approaching her at so high a rate of speed that it would reach her before she could pass the track, and to determine whether a reasonably prudent person, with the right to presume that the company would exercise due care on its part, would have proceeded to cross under the circumstances.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Edwards & Smith.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by Agnes Glasco in the Supreme Court to recover damages for injuries received by being struck by a street car of the defendant company.

At the first trial, at the Hudson Circuit, the plaintiff recovered a verdict, which was set aside by the Supreme Court, on a rule to show cause, upon the ground that contributory negligence of the plaintiff conclusively appeared. *Glasco* v. *Jersey City, H. & P. St. Ry. Co.,* 47 *Vroom* 185.

At the second trial, the judge, apparently considering that he was bound by the opinion of the Supreme Court, nonsuited the plaintiff. The judgment thereupon entered is here for review.

The evidence, at the time of the nonsuit, would have justified the jury, if they believed the plaintiff's evidence, in finding the matters of fact following: The defendant company operated a street car line on Bergenline avenue, in the town of West New York. On July 28th, 1907, at about nine o'clock in the evening, the plaintiff, accompanied by a boy, a relative, approached the avenue from Tenth street, which runs at right angles. She wished to take a car on her way to her home in New York City. In order to enter the car, which usually

stopped at that crossing, it was necessary for her to cross to the other side of the avenue. The crossing was lighted by a light on the corner. When the plaintiff reached the curb she looked and saw the car which "seemed to be coming fast," then a block away. The headlight on the car was brightly shining. There was nothing in the street to obstruct the motorman's view. The boy ran ahead of her across the track, signaling with his hand for the car to stop. The plaintiff followed and as she stepped on the track for the purpose of crossing she looked and the car was then about one hundred and fifty feet away. She was struck by the car, which was running rapidly, just as she was stepping over the last rail, and was injured. When the car was about one hundred feet away from the plaintiff, she was plainly seen crossing the track by a passenger on the front of the car who was looking out. As the car approached the crossing the motorman was engaged, at least a part of the time, in watching an arrest being made by officers in his car. At the time when the car struck the plaintiff it had not slackened speed. When stopped its rear end was about seventy-five feet beyond where the plaintiff's body lay.

The motion for the nonsuit was grounded upon the allegations—*first,* that there was no proof of negligence of the defendant; and *second,* that the contributory negligence of the plaintiff was conclusively shown.

We are of opinion that the nonsuit cannot be supported upon either ground.

The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public streets must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner. *Migans* v. *Jersey City, H. & P. St. Ry. Co., 47 Vroom* 535.

With respect to the negligence of the defendant company, the evidence recited tended to show that the motorman drove his car rapidly, without slacking speed, across the street crossing, where it usually stopped, either without looking ahead, or, if he looked when one hundred and fifty feet away, seeing the plaintiff about to cross the tracks. In such case, clearly,

the question of the negligence of the defendant was for the jury. *Migans* v. *Jersey City, H. & P. St. Ry. Co., supra; North Hudson County Railroad Co.* v. *Isley,* 20 *Vroom* 468.

We are also of the opinion that the question of the plaintiff's contributory negligence was for the jury. The rule requiring one exercising his lawful rights in a place where the exercise of lawful rights by others may put him in peril, to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances, is the measure of duty for one who crosses a public highway on foot. He must use his powers of observation to discover approaching vehicles, and a reasonable judgment to avoid collision. *Newark Passenger Railway Co.* v. *Block,* 26 *Vroom* 605; *Connelly* v. *Trenton Passenger Railway Co.,* 27 *Id.* 700; *Migans* v. *Jersey City, H. & P. St. Ry. Co., supra.*

It is not denied that the plaintiff made full use of her powers of observation. Her testimony warrants the finding that, as she was about to cross the track, she saw the rapidly approaching car then one hundred and fifty feet away. She saw her companion immediately ahead of her signaling the car to stop. She saw that the motorman could see her and her companion, if he was looking ahead. In order to board the car it was necessary for her to cross the tracks. In this situation she exercised her judgment and concluded to cross in front of the car. In the exercise of that judgment she was entitled to consider that the car usually stopped at that crossing. Moreover, she had a right to assume that the motorman would keep a reasonably careful lookout ahead, and that he would use the appliances of the car to keep it under reasonable control, and to check or stop it, if need be, before it reached her. *Vrooman* v. *North Jersey Street Railway Co.,* 41 *Vroom* 818; *Bauer* v. *North Jersey Street Railway Co.,* 45 *Id.* 624.

The present case does not present the same facts as *Gilliland* v. *Middlesex Traction Co.,* 38 *Vroom* 542, for in that case the decedent was not killed at a crosswalk in the city where cars usually stopped, but in the country, and furthermore the decedent was warned not to cross in front of the car but persisted and tripped and fell. In that case, too, the car was only one

and a half times its own length away when decedent started to cross. The rule there announced, therefore, does not control the present case.

It is argued that the speed of the car was notice to the plaintiff that the motorman either did not see or was not going to respect her rights, and that, therefore, in entering upon the track she was negligent as a matter of law. We think not. There was no evidence that plaintiff was aware that the motorman was inattentive to his duties, or was not going to respect her rights. The motorman himself testified that the car was running from ten to twelve miles an hour. This and other conflicting testimony as to speed, together with the apparent difficulty of plaintiff's judging as to the car's speed, renders this phase of the case a question for the jury.

It is also argued that the plaintiff's own testimony conclusively shows her to have been negligent. She testified:

"*Q.* And you knew it was going to be a close thing to get across?

"*A.* I got across; I just put my foot on the last rail.

"*Q.* You knew it would be a close thing to get clear across?
"*A.* Yes.

"*Q.* And you thought you would run the risk of crossing?
"*A.* Yes.

"*Q.* When you were at the track and saw the car 150 feet away, did you think you could get across all right?
"*A.* Yes, I did."

At most this testimony justifies the inference that when she started across she thought she could cross safely, though recognizing that there was some risk involved. It is consistent with the idea that the risk which she contemplated was that the defendant's motorman would not exercise ordinary care. The jury may well have found that it was only just such a risk as is constantly taken by the most prudent of men under similar circumstances. Whether under all the evidence the plaintiff exercised reasonable care for her own safety, namely, the care which reasonably prudent men, under like circumstances, would exercise, was a question for the jury. *Consolidated*

*Traction Co.* v. *Glynn,* 30 *Vroom* 432; *Migans* v. *Jersey City, H. & P. St. Ry. Co., supra.*

The nonsuit being without support upon any ground, the judgment of the court below will be reversed and a *venire de novo* awarded.

*For affirmance*—THE CHIEF JUSTICE, REED, BERGEN, VOOR-HEES, MINTURN, JJ.  5.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BOGERT, VREDENBURGH, VROOM, SUL-LIVAN, JJ.  9.