FRED KRAUT, PLAINTIFF IN ERROR, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued July 8, 1910—Decided November 20, 1911.

1. The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public highway must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner.

2. It is the duty of the motorman of a street railway car, when approaching a crosswalk, to have his car so far under control that he will not endanger the safety of pedestrians engaged in the lawful and customary use of such crosswalk.

3. Where the plaintiff, who was walking upon a crosswalk of a public highway, was struck by a street railway car, running at a "pretty fair rate of speed," as he was passing over the last rail of the track, and the evidence tended to show that the motorman, when fifty feet away, ought to have seen the plaintiff when he was five feet from the track, it was open to the jury to find either that the motorman did not make proper effort to prevent the collision, or that the inability to stop the car was due to its excessive and unlawful rate of speed, and the question of the negligence of the defendant company was, therefore, properly submitted to the jury.

4. A pedestrian upon a crosswalk where he might reasonably assume that the motorman of a street railway car would expect pedestrians to cross and would have the car under proper control accordingly, had a right to expect that the motorman would respect his right to cross the street if he was in position to justify such crossing under a reasonable belief that he could safely do so if both he and the motorman exercised reasonable care.

5. Where, from the testimony, the jury could legitimately find that when the plaintiff. after looking when five feet away from the defendant's trolley track laid in a public highway, started to cross the track, it was apparently safe for him to do so under

the conditions within his observation, one of which was a trolley car, running at a "pretty fair rate of speed," and sufficiently distant to be checked, or, if need be, stopped before it reached him, the question of the plaintiff's contributory negligence was for the jury.

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 408.

For the plaintiff in error, *Ralph E. Lum* (*Lum, Tamblyn & Colyer,* on the brief).

For the defendant in error, *Leonard J. Tynan* and *Duane E. Minard*.

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought in the Second District Court of the city of Newark.   The jury found a verdict for the plaintiff.   On appeal to the Supreme Court the judgment entered upon the verdict was reversed.   This writ of error brings up for review such judgment of the Supreme Court.

The suit was brought to recover damages resulting to the plaintiff below by reason of his having been struck by a trolley car of the defendant company while he was crossing Broad street, in the city of Newark.

At the trial, the only testimony as to the happening of the accident was that of the plaintiff himself.   On his direct examination he testified that he was crossing Broad street at a crosswalk near the corner of Broad and Market streets; that when he was five or six feet distant from the northbound track he looked and saw a car forty-five or fifty feet away coming at a "pretty fair rate of speed" towards him on that track; that he proceeded to cross and, as he was stepping over the last rail, his foot was struck by the car and he was injured.   On cross-examination, at one point he testified that he was just starting from the sidewalk, and at another, that he was about "5, 10 or 11 feet" from the sidewalk, when he saw the car forty-five or fifty feet away.

While it thus appears that his testimony upon direct examination and cross-examination is not in entire harmony, due probably to his imperfect understanding of the English language, yet it was clearly open to the jury to infer that the facts of the case were exhibited by his direct examination.

We are unable to agree with the Supreme Court that a verdict should have been directed for the defendant upon the ground of the contributory negligence of the plaintiff. On the contrary, we are of opinion that the case was properly submitted to the jury.

The general principle governing the relation of the street railway to the traveling public is that their respective rights in the public highway must be exercised by each of them, with due regard to the rights of the other, in a reasonable and duly careful manner. *Glasco* v. *Jersey City H. & P. St. Ry. Co.*, 52 *Vroom* 469; *Migans* v. *Jersey City H. & P. St. Ry. Co.*, 47 *Id.* 535.

It was the duty of the motorman, when approaching the crosswalk, to have his car so far under control that he would not endanger the safety of pedestrians engaged in the lawful and customary use of such crosswalk. *Consolidated Traction Co.* v. *Glynn*, 30 *Vroom* 432; *Searles* v. *Elizabeth, &c., Railway Co.*, 41 *Id.* 388.

Whether, in the present case, there was negligence in the operation of the car which collided with the plaintiff using the crosswalk, depends largely upon the speed of the car and the distance which the car had to go at the time the motorman saw, or ought to have seen, the plaintiff in the act of crossing the track. *Zolpher* v. *Camden Suburban Railway Co.*, 40 *Vroom* 417.

From the testimony of the plaintiff, the jury was justified in concluding that the motorman, when fifty feet away, ought to have seen the plaintiff within five feet of the track, crossing upon the crosswalk. It was undisputed that the motorman was then driving the car at a "pretty fair rate of speed." It traveled fifty feet while the plaintiff was traveling about ten feet. It was, therefore, open to the jury to find either that the motorman did not make proper effort to prevent the collision,

or that the inability to stop the car was due to its excessive and unlawful rate of speed. The question of the negligence of the defendant was, therefore, properly submitted to the jury.

We are also of the opinion it could not be said as a matter of law that the plaintiff was guilty of contributory negligence.

The plaintiff was upon a crosswalk, where he might reasonably assume that the motorman would expect pedestrians to cross, and would have the car under proper control accordingly; and the plaintiff had a right to expect that the motorman would respect his right to cross the street if he was in position to justify such crossing under a reasonable belief that he could safely do so if both he and the motorman exercised reasonable care. *Bauer* v. *North Jersey Street Railway Co.*, 45 *Vroom* 624.

From the testimony the jury could legitimately find that when the plaintiff, after looking when five feet from the track started to cross, it was apparently safe for him to do so under the conditions within his observation, one of which was a trolley car running at a "pretty fair rate of speed" and sufficiently distant to be checked, or, if need be, stopped before it should reach him. The question of the plaintiff's contributory negligence was, therefore, properly submitted to the jury in the District Court. *Migans* v. *Jersey City H. & P. Ry. Co.*, *supra;* *Bauer* v. *North Jersey Street Railway Co., supra.*

The judgment of the Supreme Court will be reversed, and the judgment of the District Court affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ.   11.