FRANCISCO BUTTELLI v. THE JERSEY CITY, HOBOKEN AND RUTHERFORD ELECTRIC RAILWAY COMPANY.

1. Street railway companies have no superior or predominant right to the use of the highways in which their cars run, over the rights of other persons passing on foot or with vehicles, except that, because of the inability of their cars to deviate from their track, other passers must give them the right to pass when occasion requires.

2. A corelative duty, therefore, devolves upon other passers to permit the passage of such cars when they observe or are informed that such passage is required.

3. A foot passenger along a public highway has a right to use any part thereof; whether the use made of the part selected is prudent or not must depend on the circumstances. If there is a sidewalk or path separated from a roadway for vehicles, whether or not a foot passenger could prudently use the roadway for passage would present one question. But where there is no such sidewalk or path and a foot passenger must make his passage in the space also used for vehicles, another question is presented, but in either case the question is for the jury.

4. When one who was passing on foot along a public highway which had no sidewalk or path but a side ditch, and the rails of a street railway company whereon its cars ran in the same direction in which he was going, were laid within about two feet of the ditch, it was a question for the jury whether, in walking along the track or the narrow space between it and the ditch, he failed to do what a prudent man would do under the circumstances.

5. Plaintiff was a " little deaf," but was not thereby excluded from the use of public highways, only his duty in respect to care for his personal safety is to be considered with reference to that disability. But it is also to be considered with reference to the right of the railway company to require him to remove from the track, upon his observing or being notified that a car was about to pass. Whether, therefore, plaintiff under those circumstances used proper care to observe defendant's car or to receive notice of its passage being required, was also a question for the jury.

6. If a motorman running a trolley car on a highway in the daytime perceives a person passing along on foot, upon or closely beside the track, and apparently heedless of signals, and the motorman can arrest the movement of the car before striking the man, his failure to do so is evidence of negligence which must be submitted to the jury.

On rule to show cause.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the rule, *William B. Gourley.*

*Contra, Warren Dixon.*

The opinion of the court was delivered by

MAGIE, J. The case shows that the plaintiff sought to recover damages in this action for an injury received by him as the result of a collision with a trolley car operated by

defendant. A verdict having been obtained in favor of plaintiff, this rule was allowed.

The argument in support of the rule is mainly put upon the ground that, if credence was given by the jury to the testimony of the plaintiff in respect to the circumstances under which he was struck by the car (and such credence was necessary before their verdict could have been reached), the verdict was erroneous because such evidence conclusively established the negligence of plaintiff contributing directly to his injury.

The evidence on behalf of plaintiff, if believed, established the following facts,. viz. : That plaintiff had a proper occasion to travel along a public road, in Hudson county, upon which defendant's cars ran ; that plaintiff's business lay upon the right-hand side of the road in the direction in which he was going ; that there was no sidewalk or path on that side of the road, but a ditch of considerable width ; that the track of defendant, on which its cars ran in the direction plaintiff was traveling, was about two feet from the edge of the ditch ; that plaintiff, who was a little deaf, walked either upon the track or on the space between it and the ditch, and while so walking, in broad daylight and without any warning which he heard, was struck by one of defendant's cars and received the injury for which he sought to recover.

There was contradictory evidence as to the circumstances,. but it had no such preponderating weight as to render a verdict, finding that the circumstances were as above detailed,. unsustainable.

The contention is that, if plaintiff received his injury under these circumstances, he contributed thereto by his own negligence.

In my judgment, this contention is based upon a misconception of the rights of the defendant, and of the duties of the plaintiff in respect thereto. It seems to be necessary to continually reiterate in this class of cases the well-settled doctrine that street railway companies have not any superior and predominant right to the use of the streets in which they run, except in one respect. Because their cars cannot deviate from

their tracks, they have the right of way when they require it, and other passers on the highway, whether in vehicles or on foot, must give way to them. In other respects the rights of street railway companies, in using highways with their cars, are precisely like the rights of others who use the highways with other vehicles. As the highway is laid out for passage, each passer, whether in vehicles or on foot, has a right of passage, subject only to the condition that he does not unnecessarily and improperly interfere with such use by others as they are entitled to.

The foot passenger on a highway has doubtless the right to use any part thereof. Whether his use is one which a prudent man would make, must depend upon circumstances.

When a certain portion of the highway is paved as a sidewalk or otherwise set apart as a path for foot passengers, it may not be prudent to walk in the roadway set apart for vehicles. Where there is no part of the highway set apart for foot passengers, his right of passage permits him to use any part of the highway, subject only to the rights of others therein.

The peculiar right of street railways to require others passing on the highway to leave their tracks free for their cars to pass upon proper occasions, obviously imposes on others the duty to leave such tracks free for passage upon observing or being informed that such passage is required.

It plainly results that where, as in this case, there was no sidewalk or sidepath prepared for foot passengers, plaintiff had a right to walk upon any part of the highway. Whether it was prudent for him to walk upon a street railway or in immediate proximity thereto, was a question for the jury under the circumstances. He was a little deaf, and the track upon or near to which he chose to walk was that upon which defendant's cars ran in the direction he was going.

This question must be considered with reference to the right of defendant. It had not the right to exclude him from its track within the public highway, but only the right to require him to remove from the track when he observed or

was notified that one of its cars required to use the track. The question, then, is whether plaintiff, being a little deaf, acted negligently in walking along or near to the track. Whatever may be the rule in highways when a roadway for vehicles is set apart, the question must be settled with reference to the highway disclosed by the evidence as one in which vehicles and foot passengers must use the same portions of it. Since the duty he owed to the company was only to remove from the track when he perceived or was notified that such removal was necessary to the passage of a car, it is obvious that his act was not necessarily a breach of that duty, for he might assume that he would receive notice if his removal was necessary. The circumstance that he was deaf might make it more difficult for defendant to give him notice, but a deaf man is not debarred from the use of public highways, although he is held to such degree of care as a prudent man with his disability would take. Whether plaintiff took such care was plainly a question for the jury.

Upon this ground there is no reason for disturbing this verdict. Whether, under the circumstances, plaintiff exercised proper prudence in walking where he did, and proper care in respect to the car of defendant, were questions for the jury, and we cannot say they were wrongly decided.

It is insisted, further, that upon the whole evidence the jury ought to have found defendant free from blame for plaintiff's injury.

But, as has been stated, the jury might have found the circumstances to have been those before stated, and upon those circumstances have judged it impossible to acquit the motorman of defendant of gross negligence, for if he deliberately, in broad daylight, with full opportunity to perceive that plaintiff did not heed any signals of the gong, if it was rung, or any notice derived from the rumbling of the car, ran plaintiff down and did him the injury complained of, it cannot be contended that such conduct was not negligent.

None of the other reasons assigned seem to have force, and the rule to show cause must be discharged.