THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. ALBERT HAIGHT, DEFENDANT IN ERROR.

1. A trial judge, although requested by counsel, is not required to charge abstract legal principles not applicable to the facts appearing in evidence.
2. In the case of a trolley car overtaking another vehicle directly in a line with its progress and a possible obstacle in its way, a proper regard for the rights of others requires that the car be reduced to such control that it may be brought to a standstill, if necessary, before reaching the obstructing vehicle.
3. Such timely warning of the approach of a trolley car must be given as will enable others to avoid any danger from it.
4. It is the duty of others not to obstruct the track, but a violation of such duty does not necessarily constitute such contributory negligence as will relieve the trolley company from responsibility for an accident which might have been avoided by the exercise of proper care.
5. It is not under all circumstances negligence *per se* not to look and listen before crossing a trolley track.

---

On error to the Supreme Court.

For the plaintiff in error, *Depue & Parker*.

For the defendant in error, *Samuel Kalisch*.

The opinion of the court was delivered by

DAYTON, J.   On September 8th, 1894, an electric car of the Consolidated Traction Company, going along Henderson street, in Jersey City, collided with the rear part of a truck moving ahead of it.   The collision threw down Albert Haight,

who was riding on the truck, causing him damages for which suit was brought against the company in the Essex Circuit.

The assignment of errors in the trial, to which the attention of this court is directed, embraces that of a refusal to nonsuit and a large number of objections to the charge of the presiding judge.

It is clear that the court below did not err in refusing a nonsuit. There was conflicting testimony as to negligence in the occurrence, both of the defendant and the plaintiff, which evidence it was exclusively the province of the jury to consider and determine upon. The only question remaining to be decided by this court is whether the judge at the trial correctly stated to the jury the law, or refused, upon request of counsel, to state all the law applicable to the case.

A judge is not required to charge every abstract legal principle which may be suggested by counsel, unless applicable to the facts appearing in evidence. Nor is a judge required to adopt the form or the words or the collocation of phrases in which a request to charge is framed, and on a request embracing several distinct legal propositions, if any one of the set be improper, a general exception to the refusal to charge will be unavailable. *Gardner* v. *State*, 26 *Vroom* 17 ; *Consolidated Traction Co.* v. *Chenowith*, 29 *Id.* 416. Carefully examining each one of the twenty assignments of error alleged to have occurred in the charge of the judge, we are unable to find any one of them sufficiently supported. The charge, considered as a whole and not by mere excerpts, separated from their surroundings, stated the law applicable to the facts clearly and comprehensively.

The errors upon which counsel for the defendant seems chiefly to rely are, first, that stated in the twenty-second assignment, which objected to the charge of the judge, that if the truck was visible upon the track from a distance of five hundred or six hundred feet, being subjected to the risk of danger, it was the duty of the motorman to use all means in his power to bring the car to a standstill. But this statement must be considered in connection with the subsequent appli-

cation of the law, that "if it appears as the result of the evidence in this case that immediately upon discovering the wagon or truck of the plaintiff approaching the tracks, the motorman in charge of this car did apply his brakes and did make every effort to prevent a collision, then the company is without fault."

There was nothing in the above statements to mislead the minds of the jury. It was simply that at whatever distance from the truck, whether six hundred or sixty feet, if the truck was visibly subjected to risk of injury by further advance, it was the duty of the motorman to make every effort to stop his car. Many elements must be considered to determine the risk, as, for instance, the speed of the car, the condition of the tracks, the efficiency of the brakes or of the reverse upon the car. It would be a strained construction of such a phrase to understand that whenever and under any circumstances a car approached within six hundred feet of a wagon on the track, it must immediately come to a standstill. By the language used the jury were substantially instructed that the true rule in regard to trolley cars, as in regard to all other vehicles, should be applied; that when overtaking another vehicle directly in the line of their progress, and a possible obstacle in their way, a proper regard for the rights of others requires that the car be reduced to such control that it may be immediately brought to a standstill if necessary.

In the case of *Hicks* v. *Citizens' Railway Co.,* 124 *Mo.* 115, cited by defendant's counsel as deciding the above rule to be too broad, the car was slowly and carefully following behind a buggy upon the track, and the court said there was no danger of collision in moving the train slowly and cautiously, and not negligently, near to the buggy. In the case before us, the car rushed along without diminished speed, so far as the evidence shows, until within a few feet of the truck, and did not approach it slowly and cautiously, with a view to avoiding a possible collision, as was its duty in the exercise of reasonable care. The rights of a street railway company in a public highway, and its obligations, modified by its lim-

itations to the use of a fixed line of track, are the same as those of the driver of any other vehicle, and both of them, in approaching near to or attempting to pass the other, directly in its path, are required, in the exercise of reasonable care, to keep themselves, so far as consistent with a legitimate use of the street, under such control as will enable them, without willful negligence on the part of others, to avoid collision and damage.

Another of the numerous assignments of error claimed that the trial judge was in error when charging the jury that "it was the duty of the defendant corporation to give timely warning—timely signals, indicating the approach of its cars—so that the persons who were using that portion of the high- way covered by the tracks might have timely warning, to enable them to avoid danger from the approaching cars." This statement of the law is in accord with the rule laid down in the case of Consolidated Traction Co. v. Chenowith, decided by this court in its term of June last. It is the only rule consistent with the general principle to be applied to all vehicles traveling upon the public highway. The street trolley has no special right of way accorded to it by law, and the duty imposed upon other vehicles is equally imposed upon it. No vehicle can, without reasonable notice of its approach (what is reasonable notice is a question for the jury), violently run into or force from its way another, having a legitimate right upon the street, without becoming responsible for any damage which may result. In this connection, the additional assignment of error may be considered, namely, that the judge refused to charge that if the motorman gave timely notice, he had a right to assume that the driver of the truck would turn out in time, and it was only when it became apparent to him the latter did not intend to do so, that it became his duty to check the speed of the car. To maintain such a doctrine would be to hold that if audible and sufficient notice was given by a car, it rested solely in the discretion of the motorman to determine when he should begin to exercise care, to avoid a collision, and the whole question would be

taken out of the domain of issues to be decided by the jury as to whether or not reasonable care had been exercised, which is the true rule of law and test of responsibility.

The alleged error in refusing to charge that it was the duty of the driver to look behind from time to time, as well as to listen, so that if the car is near he may turn off and allow it to pass without undue slackening of ordinary speed, involves the assumption of many premises and circumstances, the non-existence of which would make the application of such a rule illegal and inequitable. In the case of *Traction Co. v. Scott,* 29 *Vroom* 682, it was held that the rule requiring one to look and listen before crossing a steam railway, in order to be in the exercise of ordinary care, does not apply with equal force to one crossing the track of a street railway in a city street where the company and the public stand upon an equal footing in the use of the highway, and that failure to do so was not necessarily, under all circumstances, negligence *per se.*

The second, third, fourth, fifth, sixth, eighteenth and nineteenth assignments are based upon the refusal of the trial judge to charge the jury as requested upon the duty of the plaintiff below to yield the right of way to the defendant. It has already been decided in this court, in the case of *Camden, &c., Railway Co. v. Preston, ante p.* 264, that it is the duty of the driver of other vehicles not to obstruct the tracks of the trolley company, but, at the same time, it was held that neglect to fulfill this duty did not necessarily relieve the company from responsibility for injury caused by want of care on their part. The offending driver may be punished by action at law and the obstruction removed by police interference, but the illegal act of the injured party does not always absolve the company from its duty so to act as, if possible, to avoid collision and harm to others. The trial judge covered the points contained in the several requests upon which the above assignments of error are based, by instructing the jury that other vehicles are subject to a duty "to yield to the rights of the company in the use of their tracks when they

have occasion to use them, and under a duty to make no unnecessary obstruction to the passage of the cars of the company."

The charge of the trial judge stated the law correctly and sufficiently, and the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, GUMMERE, LUDLOW, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON.    9.

*For reversal*—None.