ANNA BAUER, PLAINTIFF AND PLAINTIFF IN ERROR, v.
    NORTH. JERSEY STREET RAILWAY COMPANY, DE-
    FENDANT IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

If, under the proof, reasonable minds may differ as to whether a per-
    son who is injured upon a crosswalk while in the act of crossing
    a trolley track in front of an approaching car is guilty of con-
    tributory negligence, the question is for the jury.

On error to the Supreme Court.

For the plaintiff in error, *Benjamin M. Weinberg.*

For the defendant in error, *John A. Bernhard.*

The opinion of the court was delivered by

FORT, J.    The plaintiff is a young girl, and, at the time of
the injury for which this suit is brought, she was twelve years
of age.    She was run down by a trolley car of the defendant
company while upon the west crosswalk of Schalk street, cross-
ing Bowery street, in the city of Newark.    She was struck upon
the head and was picked up and taken to the hospital, and her
evidence, as to how the accident happened, naturally shows
some confusion in her memory.    There were other witnesses
who saw it, however, whose testimony make the facts clear.

The car was running on Bowery street.    On this street there
are double tracks—east and westbound.    As the girl was cross-
ing she waited the passing of an eastbound car.    There is
evidence that when she started to cross a westbound car was
approaching in full view at a point which, from the evidence,
was shown to be the distance of the width of Schalk street and
two houses beyond, probably, from seventy-five to one hundred
feet away.    She undoubtedly saw the car, or could have seen it
had she looked, and the motorman did see, or could have seen,
her at the same distance.

She was hit by the car just as she was about to leave the
track she was crossing upon which the car was.

The proof was that the car was going fast. Witnesses testify that the car, after it hit her, was not stopped until it went three doors beyond the point where it hit her, a distance, probably, of sixty or seventy-five feet.

She was carried on the fender, or some other way, by the car for some distance; one witness says three doors from the crossing where she was hit.

There was also evidence that the motorman did not ring any bell.

On this evidence a motion to nonsuit on the ground that the motorman was without negligence was denied, and rightly, as we think. *Zolpher* v. *Camden and Suburban Railway Co.,* 40 *Vroom* 417.

But a motion to nonsuit on the ground that the girl's own negligence contributed to the injury was granted. It is this direction to nonsuit that is here on writ of error.

We think there was error in the granting of this motion.

The child was upon the crosswalk, where she had the right to be, and where she had the right to rely upon the fact that the motorman of the car, as well as the drivers of all other vehicles, would respect her priority of right to cross the street if she was in position to justify her proceeding to cross under a reasonable belief that she could do so with reasonable safety if both she and the motorman were in the exercise of reasonable care. *Consolidated Traction Co.* v. *Glynn,* 30 *Vroom* 432.

Whether a person proceeding to cross at a crosswalk, who may see a car approaching, is in the exercise of reasonable care is for the jury.

Where reasonable minds may differ as to whether a person on foot, who crosses a street when upon the sidewalk, in front of an approaching trolley car, was, under the given circumstances, guilty of an act of negligence which contributed to the injury, is always for the jury.

A trolley car has no special right in the streets, at the crosswalk, over the rights of a pedestrian. *Consolidated Traction Co.* v. *Haight,* 30 *Vroom* 577.

Our decisions all hold that it is not, under all circumstances,

negligence *per se* to go upon a trolley track at a crosswalk, either on foot or when driving a vehicle, for the purpose of crossing, without first looking for an approaching car. *Consolidated Traction Co.* v. *Scott*, 29 *Vroom* 682; *Consolidated Traction Company* v. *Haight*, 30 *Id.* 577; *Consolidated Traction Co.* v. *Glynn, Id.* 432; *Dennis* v. *New Jersey Street Railway Co.*, 35 *Id.* 439; *Conrad* v. *Elizabeth Street Railway Co.*, 41 *Id.* 676.

The rule as to looking and listening does not apply to the crossing of trolley tracks with equal force as to one crossing the tracks of a steam railway. *Consolidated Traction Co.* v. *Scott, supra.*

In Newark Passenger Railway Co. *v.* Block, Mr. Justice Magie said: "The claim is that such observation must be extended to any approaching car no matter how distant. But this is obviously an exaggerated notion of the duty required. The most prudent man would never suppose himself required to thus observe. If such a rule of duty were adopted and practiced in a crowded city, the crossing of many streets would be barred to pedestrians for a great part of the time. The general rule to which we have referred does not justify this excessive view of the duty required. It will require one crossing the roadway on foot to extend his observation only to the distance within which vehicles proceeding at customary and reasonable safe speed would threaten his safety." *Newark Passenger Railway Co.* v. *Block*, 26 *Vroom* 605, 613.

Mr. Justice Van Syckel, in *Consolidated Traction Co.* v. *Glynn, supra,* stated what I think to be the true rule: "It was, therefore, a question of fact for the jury to settle whether the plaintiff, in the exercise of reasonable prudence and caution, should have apprehended that the car was coming at so high a rate of speed that it would reach him before he cleared the tracks, and to determine whether a prudent man, with the right to presume that the company would exercise due care on its part, would have proceeded to cross the street under the circumstances presented on behalf of the plaintiff."

Under the proof in this case, applying the rule of law as stated in the decisions herein cited, we think the question of

the contributory negligence of the plaintiff was for the jury, and that the judgment of the Supreme Court should be reversed, and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, HENDRICKSON, VROOM, GREEN, J.J. 4.

*For reversal* — GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, DILL, J.J. 10.