BALL ET UX., DEFENDANTS IN ERROR, v. CAMDEN AND
TRENTON RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted December 13, 1907—Decided March 1, 1909.

Defendant's trolley car, on a dark, rainy night, ran into the rear of
plaintiff's carriage, which had been traveling in the same direc-
tion on the car track and was just turning off to the right,
plaintiff having been apprised of the approach of the car by the
reflection of the headlight on the ground in front of his carriage.
The jury were justified in finding that the car was running at
from twelve to fifteen miles an hour, that it struck the wagon
without slacking speed, and that no bell was rung or other signal
given. *Held*, that the question of defendant's negligence was
properly submitted to the jury, and that the failure of plaintiff
to look behind him for approaching cars was not negligence *per se*.

On error to the Supreme Court.

For the plaintiff in error, *Linton Satterthwait*.

For the defendants in error, *S. Stanger Iszard*.

The opinion of the court was delivered by

PARKER, J.   The plaintiffs below, husband and wife, sued
for damages arising from personal injuries sustained by the
wife by reason of a collision between a carriage in which
plaintiffs were riding, and a trolley car operated by defendant.
The husband added a count for damages in his own right on
account of loss of his wife's companionship and services, and
at the circuit a verdict of $1,500 damages was found in
favor of the husband and $1,000 for the wife.   A number of
assignments of error are relied on, the most important of
which are based on the refusal of the trial judge to nonsuit
and to direct a verdict for defendant on the grounds—*first,*
that no actionable negligence of defendant was made out, and
*secondly,* that plaintiffs were legally chargeable with con-
tributory negligence.

The proof was uncontroverted that Mr. and Mrs. Ball had driven from their farm into Camden and were on their way home in the evening. They were in a top buggy, with the top up and back curtain down, but side curtains up. It was December 2d, 1905, a night described by plaintiffs' witnesses as "drizzly and dark." Defendant claimed it was foggy also, but plaintiffs' witnesses denied this. There were two car tracks in the street and the horse and buggy were being driven in the right-hand track. The plaintiffs became aware of a car coming up behind them and were in the act of turning out when struck, the buggy being wrecked and Mrs. Ball more or less severely injured. Husband and wife both testified that they heard no bell nor any sound of the car. They did not claim to have looked back to see if a car was coming, but both said that its approach was manifested by their seeing the light from the headlight of the car shining under the feet of the horse. Ball immediately pulled his horse to the right but did not clear the track in time to avoid the car.

A number of witnesses testified to seeing the accident or hearing the crash, and that it was not preceded by any ringing of the gong; also to the high speed of the car. Other witnesses for the plaintiffs, especially a passenger on the car, testified that there was no slacking of speed until the collision occurred.

On this state of the evidence as to the occurrence of the accident, a motion was made to nonsuit on the two grounds already mentioned, was denied, and this denial is assigned for error.

It is claimed, first, that there is nothing in the above facts to indicate any negligence of the defendant's servants. We think there was a clear case for the jury on this point. The circumstances which the jury were entitled to find as facts that a trolley car, driven at high speed on a dark night, ran into the rear of a wagon in front of it and traveling in the same direction, without any warning, and when the car had a headlight bright enough to show by its very reflection on the ground the approach of the car to those in the wagon, and therefore manifestly bright enough to make the wagon plainly

visible to an ordinarily watchful motorman, seem to us quite sufficient to justify the jury in concluding that the motorman was not properly attending to his duties, and the court would have been in error to remove such a question from their consideration. The contributory negligence of the plaintiffs was also a jury question. It is intimated by plaintiff in error that Ball was guilty of negligence in law by driving on the car track and not keeping a vigilant lookout to his rear. But he was entitled to drive on any part of the roadway, having due regard for the rights of others, and was not bound to keep a lookout behind him. *Consolidated Traction Co.* v. *Haight,* 30 *Vroom* 577; *Zolpher* v. *Camden and Suburban Railway Co.,* 40 *Id.* 417. The motion to nonsuit was therefore properly denied.

Request was made for the direction of a verdict at the close of the testimony on the same grounds. The defendant's evidence was brief. Conductor and motorman both testified that the night was foggy, and that the car was running slowly and the bell was ringing constantly. The motorman also testified that the glass in the front of his vestibule was blurred by the rain, so that he could not see well.

The speed of the car and ringing of the bell were, of course, matters of fact for the jury to settle, and which they doubtless settled in favor of the plaintiffs. On this assumption the matter of contributory negligence stood as on the motion to nonsuit. With regard to negligence of the motorman, the other new evidence certainly could not help the defendant, for if his vision was obscured by fog, or cut off by a blurred window, his duty was to use the greater care in the operation of his car, commensurate with the increased danger. The request to direct was therefore also properly refused.

We find no error in the admission of evidence as to Mrs. Ball's general disposition since the accident, and as to certain physical disabilities said to be due to her general nervous condition. All this bore directly on the damages claimed by the husband for the loss of *consortium,* the companionship, sympathy, aid and services of his wife.

The testimony as to the usual speed of the car was not improper. It was on cross-examination, and legitimate as impeaching the statements of the witnesses on direct examination on behalf of the defendant, that the car was moving at four to five miles an hour just before the accident.

The court properly refused to charge that Mrs. Ball's injuries were not permanent. On this point the testimony was contradictory and raised a question of fact which called for the decision of the jury.

The other assignments of error were not argued, but we have examined them and find no injurious error.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   12.

*For reversal*—None.