WILLIAM ROSE, PLAINTIFF IN ERROR, v. CHARLES M. ALCOTT AND PUBLIC SERVICE CORPORATION OF NEW JERSEY, DEFENDANTS IN ERROR.

Submitted December 7, 1908—Decided March 1, 1909.

The plaintiff was walking southerly on a street more or less obstructed by snow, and, with many others, was using the roadway instead of the sidewalk. The two parallel trolley tracks of the Public Service Corporation and the space between them had been cleared. He first walked on the northbound track, and then seeing a trolley car approaching on that track he went over to the other track, and while walking there he was approached from the rear by a stage driven by one Alcott, whose horses were upon a trot. Somebody called out to the plaintiff and others to get out of the way, and the plaintiff, to make way for the stage, without looking ahead, and forgetting the approaching car, walked diagonally toward the track from which he had come into the side of the car and was injured. *Held,* first, that in the absence of any evidence of want of care in the management or speed of the car a nonsuit in favor of the Public Service Corporation was properly directed; and *held,* secondly, that in the absence of any evidence of careless or reckless driving upon the part of Alcott, to which the plaintiff's confusion of mind was attributable, a verdict was properly directed in Alcott's favor.

On error to the Supreme Court.

For the plaintiff in error, *Ralph W. E. Donges.*

For the defendant in error Charles M. Alcott, *John W. Wescott.*

For the defendant in error Public Service Corporation of New Jersey, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff, on the morning of February 14th, 1907, a little before seven o'clock, was walking southerly on Broadway, in Camden, on his way to work. The street was more or less obstructed by snow, and the plaintiff, with

many others, was using the roadway instead of the sidewalk. The roadway was covered with snow, except that the two parallel trolley tracks of the Public Service Corporation and the space between them had been cleared. The plaintiff first walked southerly on the northbound trolley track, and then, seeing a trolley car approaching him on that track in the distance, he went over to the other track. While walking there he was approached in the rear by a stage driven by the defendant Alcott, whose horses were upon a trot. Somebody cried to the plaintiff and others to get out of the way, and the plaintiff, in order to make way for the stage, without looking ahead, walked diagonally toward the track from which he had come, and while doing so forgot the trolley car, being excited, as he says, and was struck and injured by the car. It appeared that he walked into the side of the car that was nearest to him just back of the steps.

The learned trial judge at the Camden Circuit granted a nonsuit in favor of the defendant the Public Service Corporation, and afterwards directed a verdict in favor of the defendant Alcott.

The only assignments of error argued are those challenging the propriety of the nonsuit as to one defendant and the direction of a verdict as to the other.

With respect to the Public Service Corporation the case discloses no negligence upon the part of its employes. If the company was liable at all, it must have been in respect to some negligence of the motorman. His duty was to run the car with such care and at such a rate of speed that persons on foot might use the street in safety, provided they exercised reasonable care for their own protection. The evidence fails to show any want of care upon the part of the motorman, either in the management or speed of the car. The nonsuit in favor of the defendant the Public Service Corporation, was manifestly right.

With respect to the defendant Alcott, the case likewise discloses no negligence.

The relative rights of the stage and a foot passenger, such as were under consideration in *Buttelli* v. *Electric Railway Co.*,

30 *Vroom* 302, are not involved in this case. The plaintiff did not insist upon continuing to use that part of the roadway which he was using. The evidence shows that the defendant Alcott, on approaching the plaintiff, manifested (or others did for him) a desire to have the way cleared for the stage and the plaintiff walked out of the way.

Nor are we called upon to consider the case of a pedestrian imperiled by reckless or furious driving. The evidence shows that Alcott was driving slowly and carefully, and that the plaintiff's excitement or confusion of mind was not attributable to any improper conduct on his part. The direction of a verdict in favor of the defendant Alcott was therefore proper.

The result is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, J.J.    13.

*For reversal*—None.