ALBERT J. KNOLL, DEFENDANT IN ERROR, v. NEW JER-
SEY STREET RAILWAY COMPANY, PLAINTIFF IN
ERROR.

Submitted November 4, 1909—Decided February 21, 1910.

Plaintiff was driving a wagon parallel with, and just to the right of,
a trolley track, and so close to it as to prevent one of defendant's
cars, coming up behind, from passing him. The motorman fol-
lowed the wagon a short distance, ringing his bell as a signal for
plaintiff to get out of the way. Plaintiff instead of turning to
the right, away from the car, turned diagonally across the track
without looking back, and was almost across when the car struck
the right hind wheel of his wagon. *Held*, on this state of facts,
that the questions of the motorman's negligence and of con-
tributory negligence on the part of plaintiff were both for the
jury.

On rule to show cause.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the defendant, *Alvah A. Clark*.

The opinion of the court was delivered by

PARKER, J. This case has been tried three times, and each
trial has resulted in a verdict in favor of the plaintiff. The
case arose out of an accident in which the plaintiff's
wagon, which he was driving, was run into from the rear by a
trolley car of the defendant company while traversing a public
street in Newark. The points made for the defendant in sup-
port of the rule are—*first,* that there was no evidence of negli-
gence on the part of the defendant company; *second,* that the
plaintiff was guilty of contributory negligence; *third,* that
the damages were excessive, and *fourth,* that the verdict is con-
trary to the weight of evidence. This last point is to some ex-
tent involved in each of the other three and will be discussed
in connection therewith.

There were two principal theories of the accident. The

plaintiff's claim was that he was driving in a westerly direction along Springfield avenue between Howard and Broome streets, and was on the right of the trolley tracks, of which there were two in the street; that shortly after passing Howard street, as he desired to cross the tracks to the southerly side of Springfield avenue for the purpose of stopping at a shoe store, he looked back to see if there was any car coming behind and saw none; he then looked ahead and saw a car coming the other way, waited for that car to go by, and then turned across the track and had almost gotten across the right-hand track when the car from behind struck his wagon.

The important variation from this statement that is contained in the testimony of the motorman is that his car was close behind the plaintiff's wagon for some distance before the wagon started to turn across the track, and the plaintiff's wagon, though not on the track, was so close to it that it was impossible for the car to get by, and the motorman had been ringing his bell a number of times in order to cause the plaintiff to turn out and make room for him to pass; that plaintiff, instead of turning out, turned in to go across the track, and that the accident occurred in that way. It was admitted that plaintiff was somewhat deaf in the left ear, and that the car struck no part of the wagon but the right hind wheel.

Of these two stories the jury was entitled to select the one that seemed to them, in view of all the evidence and all the probabilities in the case, most likely to be true, and we think that, assuming that they selected the second version, the one given by the motorman, there was enough in that version, taken in connection with the surrounding circumstances, to justify the jury both in finding that there was negligence on the part of the motorman and in failing to find that there was contributory negligence on the part of the plaintiff. From the facts alone that the motorman saw the wagon ahead and realized that he could not pass it, followed it up closely so as to get by if room were made, and so operated his car either as to speed or proximity to the wagon that when finally the wagon turned across in front of him, the car struck no part of it except the right hind wheel, thus indicating that it

was almost clear of the track when struck, we think the jury was entitled to find that there was something negligent in the operation of the car that led up to the accident, and particularly that in all probability the motorman miscalculated the distance and speed of the wagon, as well as the speed of his own car and his ability to check it.

Nor does contributory negligence on the part of the plaintiff appear either as a matter of law, or, in our judgment, by weight of evidence. On this theory of the case which, as we have already said, the jury were fully justified in adopting, the plaintiff was driving so close to the track that the car could not pass it; it is fair to infer that he knew this; and his legal *status,* as he drove from Howard street for a distance of one hundred to one hundred and fifty feet close alongside of the right-hand track, was substantially the same as if he had been driving actually on the track, as in the case of *Ball* v. *Camden and Trenton Railway Co., 47 Vroom* 539, the latest pronouncement of the Court of Errors and Appeals on this subject; it was therefore not contributory negligence in law to fail to keep a lookout behind him for cars, and we think it was a jury question whether it was such negligence to turn to the left across the track instead of to the right away from it. The case, in our judgment, is distinguishable from *Harbison* v. *Camden and Suburban Railway Co., 45 Id.* 252. In that case the plaintiff was riding on a bicycle close to the right-hand rail and turned suddenly and without any warning and without looking to see whether any car was coming, and was struck just as he got upon the track. That the plaintiff in the case at bar, driving a horse and wagon, was enabled to turn not only upon the track but to progress so far that the entire horse and wagon were safely across with the exception of the right hind wheel, might well have satisfied the jury in connection with the other circumstances of the case that his failure to look back before turning to cross, while perhaps negligent, was not such negligence as contributed to the accident; in other words, that if he had looked back and had seen the car he would still have been justified in taking precisely the course that he did take.

With regard to the damages we are not officially informed of their amount by anything contained in the printed case. It appears by the defendant's brief that on the first trial there was a verdict of $1,500; on the second trial a verdict of $6,000, and on the third and last trial the verdict, which is now brought up, was $3,000. We have examined with care the evidence relating to the question of damages, and do not. feel justified in saying that the damages appear to be so excessive as to indicate that the jury disregarded its duty in that respect.

The rule to show cause will therefore be discharged.