PATRICK LUBY, PLAINTIFF AND APPELLANT, v. MORRIS COUNTY TRACTION COMPANY, DEFENDANT AND AP- PELLEE.

Submitted December 7, 1911—Decided March 30, 1912.

1. Street railway companies have no superior or predominate right to the use of the highways in which their cars run, over the rights of other persons on foot or with vehicles, except that, because the cars are confined to the tracks, others using the highway must give way to them when occasion requires.
2. A correlative duty devolves upon others using the highway to per- mit the passage of street railway cars when they observe or are informed that such passage is required.
3. Such timely warning of the approach of a trolley car must be given as will enable others using that portion of the highway covered by its tracks to avoid danger from it.
4. While it is the duty of others not to obstruct the track, yet a violation of such duty *does not necessarily constitute such con- tributory negligence* as will relieve the trolley company from re- sponsibility for an accident which might have been avoided by the exercise of due care upon the part of the company.
5. An instruction to the effect that if the plaintiff drove along and upon the street railway track in a noisy wagon so that he could not hear the gong of defendant's car approaching from behind, the plaintiff cannot recover, is erroneous, because the driving of a noisy wagon along and upon a street railway track does not, in itself, necessarily constitute such contributory negligence as will relieve the defendant from responsibility for an accident which might have been avoided by the exercise of due care upon the part of the defendant.

On appeal from the District Court of the first judicial dis- trict of the county of Morris.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Willard W. Cutler.*

For the appellee, *Vreeland, King, Wilson & Lindabury.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought by the owner of a wagon and a team of horses to recover damages sustained by

their being struck by a street railway car operated by the defendant company.

The trial in the District Court resulted in a verdict for the defendant. This appeal brings up for review the judgment entered thereon.

At the trial the plaintiff contended, and his evidence tended to show, that his team was being driven along Speedwell avenue, in Morristown, along and upon the street railway track, and that, while in that position, and without warning, the defendant's car, approaching from behind, ran into the rear of the wagon, demolishing it, and injuring both of the horses, one of them so severely that it had to be killed.

The defendant disputed the plaintiff's account of the accident, its evidence tending to show that it was due to the carelessness of the plaintiff's driver in suddenly and without warning turning into the track in front of the car. The defendant seems also to have contended at the trial, and here contends, that, even if the plaintiff's account of the accident is true, he cannot recover because the driver was negligent in driving a noisy wagon along and upon the track. There was evidence that the team was trotting and that the wagon made a noise.

The only reason for reversal argued is "that the trial judge charged the jury that the plaintiff could not recover if the plaintiff was driving upon the track in a noisy wagon, so that he could not hear the gong of the approaching trolley car."

It seems that the learned trial judge so charged in effect, and the question of the propriety of that instruction must be determined in the light of the following familiar principles of law:

Street railway companies have no superior or predominate right to the use of the highways in which their cars run, over the rights of other persons on foot or with vehicles, except that, because the cars are confined to the tracks, others using the highway must give way to them when occasion requires. *Buttelli* v. *Electric Company,* 30 *Vroom* 302.

A correlative duty, therefore, devolves upon others using the highway to permit the passage of street railway cars when they observe or are informed that such passage is required. *Bul-*

*telli* v. *Electric Railway Co., supra; Adams* v. *Camden and Suburban Railway Co.,* 40 *Vroom* 424.

Such timely warning of the approach of a trolley car must be given as will enable others using that portion of the highway covered by its tracks to avoid danger from it. *Consolidated Traction Co.* v. *Haight,* 30 *Vroom* 577.

While it is the duty of others not to obstruct the track, yet a violation of such duty does not necessarily constitute such contributory negligence as will relieve the trolley company from responsibility for an accident which might have been avoided by the exercise of due care. *Consolidated Traction Co.* v. *Haight, supra; Camden, &c., Railway Co.* v. *Preston,* 30 *Vroom* 264.

In the light of these principles it will be seen that the instruction to the effect that if the plaintiff drove along and upon the track in a noisy wagon so that he could not hear the gong of the defendant's car approaching from behind, the plaintiff could not recover, was erroneous. The driving of a noisy wagon along and upon a street railway track does not, in itself, necessarily constitute such contributory negligence as will relieve the defendant from responsibility for an accident which might have been avoided by the exercise of due care by the defendant. Yet such was the effect of the instruction. Even if the wagon was noisy, the question of the driver's contributory negligence was still for the jury, and it could not lawfully be withdrawn from them as was done in effect. The circumstance that the wagon was noisy would make it more difficult for the defendant to give the driver notice, but a noisy wagon is not debarred from the use of the public streets.

The judgment under review will be reversed and a *venire de novo* awarded.