JACOB S. MEYER ET AL., PLAINTIFFS IN ERROR, v. HAROLD T. CREIGHTON, DEFENDANT IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

1. In the trial of an action brought by the plaintiffs to recover damages for injuries to their motor vehicle, sustained from a collision with defendant's automobile in a public highway, the plaintiffs' evidence showed that while their machine was being driven at a rate of speed of about eight miles an hour, and was turning into a private road, the defendant's car, running at a rate of speed of forty-five miles an hour, overtook it and collided with it. At the close of the plaintiffs' proof the defendant moved the court below to nonsuit, because no negligent management of defendant's car had appeared. The motion was denied. *Held*, that the rate of speed at which the latter machine was being driven when it overtook and collided with the plaintiffs' vehicle was evidence of its negligent operation sufficient to put the defendant upon his defence. *Held also*, that the further motion made by defendant to nonsuit on the ground that the plaintiffs' proofs showed their driver had been guilty of contributory negligence was under the circumstances a jury question and was properly denied.

2. A certificate issued by the commissioner of motor vehicles of this state, under his hand and seal, certifying as follows, viz.: "We have searched our files and fail to find that a driver's license has been issued to Herman Herbert," is not a copy of any act, rule, order or decision made by the commissioner, or of any paper filed in his office, and is not evidential for any purpose.

On error to the Supreme Court.

For the plaintiffs in error, *James R. Nugent.*

For the defendant in error, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

VREDENBURGH, J.  This suit was brought by the owners of an electric delivery wagon for injury done to it on July 15th, 1911, in a public highway in Deal, New Jersey, from a collision with an automobile belonging to the defendant.

Evidence at the jury trial under review (the second jury trial of the cause) showed that both motor vehicles were being driven, at the time they collided, in the same (westerly) direction along Roseld avenue, a street about thirty-five feet wide from curb to curb; that the plaintiffs' vehicle was running ahead of the automobile, and that as the driver of the former was turning from the avenue into a private road leading out from the south side of the avenue, the defendant's car overtook it from the rear and collided with it, inflicting serious injury upon it.  The plaintiffs' machine driver testified he was going at a speed of about eight miles an hour along the right of the centre of the avenue when he turned a little to the right and started to turn to the left in order to enter the private road; that when he reached a point nearly opposite this road and before he turned to the right he gave the usual and customary signal (holding out his left hand) so that it could plainly be seen by any driver behind him, that he was going to turn to the left, and had gone about six or seven feet to the left when he saw there was a car back of him, and then the collision occurred.  He says he had re-

ceived no warning or notice of any kind before the collision of the approach of any automobile from behind.

Other evidence of the circumstances of the collision and of its effects was presented before the court by the plaintiffs to which it is not here necessary to advert.

At the close of these proofs motions were made by the defendant's counsel that the court order a nonsuit because it was insisted there was no proof of negligence on the part of the defendant sufficient to carry the case to the jury; and because the evidence adduced had shown the plaintiffs' driver had been guilty of contributory negligence sufficient to bar recovery. These motions were denied, and it is now urged, after error assigned, that there was legal error committed by such denial.

Upon such demurrers to the sufficiency in law of the plaintiffs' proofs, the first question confronting us is, was there any substantial proof (not a mere scintilla of evidence) before the trial court from which the jury could have reasonably concluded the defendant had been guilty of actionable negligence in the premises?

The negligence averred in the declaration, which the plaintiffs were obliged, in order to entitle them to recover, to establish by proof was, that the defendant's servant in charge of his automobile, so negligently drove it at an excessive rate of speed, and so negligently managed it without any notice or warning of its approach, that it was driven into and collided with the plaintiffs' motor vehicle so as to greatly wreck and damage it, notwithstanding the latter was being driven with due and proper care.

In support of these averments the plaintiffs proved, in addition to the circumstances of the collision above set forth, that defendant's automobile was being driven at the time it overtook the plaintiffs' car at the unlawful speed rate of forty-five miles an hour.

The legislatures of 1906 and 1909 enacted laws containing provisions intended, as I understand them, to secure, primarily, the *safety* of traffic and travel in the public highways of the state against the dangers liable to result to person

and property arising from the high rate of speed which motor vehicles were then known by the public to be capable of attaining.

Part VII., page 189, of laws of 1906 is entitled, "Provisions concerning *safety* to traffic," and section 23 thereunder provides, as follows, viz.: "The following rates of speed may be maintained, *but shall not be exceeded,* upon any public street, public road or turnpike, public park or parkway, or public driveway or public highway, in this state by anyone driving a motor vehicle," and then follows subdivisions 1, 2 and 3 of that section fixing certain slow rates of speed, per mile, at corners and intersections of prominent cross-roads (not now material to be considered), but its fourth subdivision provides as follows, viz.: "Elsewhere and except as otherwise provided in subdivisions one, two and three of this section, a speed of one mile in three minutes; provided, however, that nothing in this section contained shall permit any person to drive a motor vehicle at any speed greater than is reasonable, having regard to the traffic and use of highways, or so as to endanger the life, limb or injure the property of any person; and it is further provided that nothing in this section contained shall affect the right of any person injured either in his person or property, by the negligent operation of a motor vehicle to sue and recover damages as heretofore;" subsequently, in the year 1909, the legislature enacted certain amendments to this law of 1906, the only change now necessary to be noticed being that the maximum speed allowed under the said subdivision 4 of section 23, act of 1906, was enlarged from one mile in three minutes to a speed of twenty-five miles per hour.

The rate of speed of forty-five miles an hour, which the plaintiffs' evidence shows the defendant's motor vehicle was running in the public highway when it overtook and collided with that of the plaintiffs, was expressly forbidden by the law just quoted, and such fact, I think, should, under the circumstances of the collision above recited, be held to be evidence of the defendant's negligence sufficient to put him upon his defence and justified the denial of the defendant's motion.

Independently of any statute, the driving of any vehicle on a public highway at a rate of speed that is inconsistent with such control of the vehicle as is necessary to avoid running down other vehicles going in the same direction, is some proof of negligence.

It is further urged that the plaintiffs' proofs showed their driver had been guilty of contributory negligence in the management of their motor vehicle.

In *Sutton* v. *Bell,* 50 *Vroom* 507, where the circumstances of the collision between two automobiles upon the public highway were remarkably similar to those of the case under review, this court, in holding that the trial court rightly denied the defendant's motion to take the case from the jury (made upon the ground of the plaintiff's alleged contributory negligence), said: "That the existence of negligence, whether of the plaintiff or of the defendant, depended upon the conclusion to be reached from a variety of circumstances considered not as isolated occurrences, but altogether, and in view of their relation to and reaction upon each other. To draw a conclusion as to the conduct of the parties under circumstances thus connected is of the very essence of the jury function."

The principle thus declared pointedly applies, I think, to the question of the plaintiffs' contributory negligence in the case at bar, and such question must, in the light of the circumstances already sufficiently set forth, be regarded as falling within the province of the jury.

It is also separately assigned for error that the trial court erred in denying defendant's motion, made at the close of the defendant's testimony, that the court direct a verdict for defendant upon the same ground taken on the motion to nonsuit. This motion was also properly denied. While the defendant's proofs tended to contradict those of the plaintiffs, they did not alter or affect the character of the issues which under the evidence belonged to the province of the jury. *Consolidated Traction Co.* v. *Haight,* 30 *Vroom* 577; *Zolpher* v. *Camden, &c., Railway Co.,* 40 *Id.* 417.

Error is further thus assigned, viz.: "That the court below admitted in evidence against the defendant's objections the depositions of the witnesses Reiss and Glaze."

Upon turning to the printed brief of counsel for the plaintiffs in error, we find no point raised or reason given against the admissibility in evidence of these depositions. The only insistence seems to be that it was error to permit them to be taken to the jury room. The brief says: "In taking these depositions to the *jury room* it gave the testimony of these two witnesses undue prominence over the testimony of other witnesses. The jury were judges of the facts," &c.

But after examining the whole record, we find nothing to show that in fact these depositions were taken to the jury room.

It is further and lastly assigned for error that the court below refused to admit in evidence a certain certificate of the secretary of state relating to the license of Herman Herbert (the plaintiffs' driver). This certificate, issued by the commissioner of motor vehicles, under his hand and seal, certifies as follows, viz.: "We have searched our files and fail to find that a driver's license has been issued to Herman Herbert."

But this certificate cannot be regarded as evidential for any purpose. Section 13 of the Automobile law provides as follows, viz., that "the commissioner of motor vehicles shall keep a record of all his official acts, and shall preserve copies of all decisions, rules and orders made by him, and shall adopt an official seal. Copies of any act, rule, order or decision made by him, and of any paper or papers filed in his office, may be authenticated under said seal, and when so authenticated shall be evidence equally with and in like manner as the original." For such a certificate as that offered in evidence there is no authority given in the law, and it was therefore properly excluded.

The judgment below, which was for the plaintiffs, is for the above reasons affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 14.

*For reversal*—None.